CANNELLA, Judge.
Again, this case comes before the court, in a pre-trial posture, from another ruling by the trial court granting a partial summary judgment, dismissing two legal theories of recovery, but dismissing no parties from the action. For the reasons set forth in our December 10, 1993 opinion in this same case, involving the same parties, we reverse the lower court ruling and remand the case for further proceedings. First National Bank of Jefferson v. Lloyds, 629 So.2d 507 (La.App. 5th Cir.1993).
The legal demands asserted by the various parties in this case arose after the capsize of the vessel, the MTV Mr. Don, which was owned by Ocean Energy, Inc. (Ocean), insured by Underwriters of Lloyds, London (Lloyds) and mortgaged to the First National Bank of Jefferson (FNJ). The vessel was declared a total constructive loss. FNJ issued a commitment letter to fund repair of the vessel upon receipt of the policy proceeds. Lloyds paid the $3.5 million policy proceeds to FNJ. Thereafter, however, Lloyds determined that it had paid the proceeds by mistake, error or fraud and sought the return of the funds it had paid to FNJ. FNJ, over the insured’s, Ocean’s, protest, settled the claim with Lloyds and returned $500,000 of the $3.5 million that had been paid. FNJ then sought reimbursement from Ocean and the guarantors on the Ocean note. FNJ also refused to honor the commitment letter. Thus, all demands arise from the return of a portion of the insurance proceeds and the question of who should bear this loss.
This case, with the same parties, was before this court for argument on appeal in September of 1993. First National Bank of Jefferson v. Lloyds, 629 So.2d 507. Therein, the trial court had, in three different judgments, granted several partial exceptions of no cause of action and/or motions for partial summary judgment. No party was dismissed from the action. The judgment merely ruled out several theories of recovery without granting all or part of the relief sought. On December 10, 1993, this court rendered judgment in that case, relying primarily on the recent Louisiana Supreme Court case Everything on Wheels Subaru, Inc. v. Subaru South, Inc., et al, 616 So.2d 1234 (La.1993) and reversed the lower court judgments granting the partial exceptions ánd partial summary judgments and remanded the case for further proceedings.
While the earlier ease was pending on appeal, Lloyds filed a pleading entitled “Exception of Res Judicata or, Alternatively, Motion for Partial Summary Judgment.”[1] After hearing, the court rendered judgment denying the res judicata exception and again granted a partial summary judgment in favor of Lloyds, dismissing Ocean’s claims: (1) for consequential damages for breach of the insurance policy and the Release and Indemnity agreement by Lloyds, and (2) for damages for Lloyds failure to properly escrow funds to pay lien holders or for Ocean’s recovery of the escrowed funds. Ocean filed this appeal from that ruling.
After reviewing the partial summary judgment granted on June 17, 1993, we find the question before us here, whether said partial summary judgment was properly granted, to be the same as the portion of this case that was previously before us and decided by opinion rendered on December 10, 1993. Thus, relying on Everything on Wheels Subaru, supra, and for the reasons set forth in our December 10, 1993 opinion in this same case, 629 So.2d 507 which we herein adopt fully by reference, we find that the trial court *393 erred in granting the partial summary judgment. Furthermore, in this case, the trial court relied in part in making its determination on the fact that it had dismissed the other claims in the earlier case. Since we reversed those ruling, effectively reinstating the claims, likewise, the ruling under' consideration here should be reversed.
Accordingly, for the reasons stated above, as well as the reasons stated in our December 10, 1993 ruling, we reverse the judgment of the district court and remand the case for further proceedings consistent with the views expressed herein.

REVERSED AND REMANDED.

. Other exceptions and motions were also filed by Ocean. These were denied and are not relevant to the issues before us on appeal.