| iPETERS, Judge.
The plaintiffs, Phyllis Clay and Dianne Clay Batiste, filed a wrongful death action to recover damages resulting from the death of their brother, Kevin Clay. They appeal the trial court’s granting of an exception of no cause of action in favor of St. Martin Parish and the St. Martin Parish Police Jury.
FACTS
Kevin Clay was struck by a vehicle while riding his bicycle on Louisiana Highway 347 in Breaux Bridge, Louisiana, and died as a result of his injuries. The plaintiffs filed suit on June 7, 1993, naming as defendants Alma Papillion, the driver of the' vehicle; "Leroy Papillion, the owner of the vehicle; Louisiana Farm Bureau |2Mutual Insurance Company, the Papillions’ automobile insurance carrier; and the State of Louisiana, through the Department of Transportation and Development. By amended petition filed on June 10, 1993, St. Martin Parish and the St. Martin Parish Police Jury were added as defendants. The plaintiffs alleged that these added defendants, together with the State of Louisiana, were “jointly responsible” for the conditions of Louisiana Highway 347 at the time of the accident.
The plaintiffs dismissed Alma Papillion, Leroy Papillion, and Louisiana Farm Bureau Mutual Insurance Company pursuant to a settlement agreement. Subsequent to that dismissal, St. Martin Parish and St. Martin Parish Police Jury filed exceptions of no right of action and no cause of action contending they had no legal control over Louisiana Highway 347. The trial court sustained the exception of no cause of action, and this appeal was perfected to review that decision.
ANALYSIS
The function of an exception of no cause of action is to review the petition, and accepting all well-pleaded allegations of fact as true, determine whether on the face of the petition, the plaintiff would be legally entitled to the relief sought. La.Code Civ.P. art. 927(4); Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
In order for a plaintiff to recover damages from a public entity, he must prove that: (1) the public entity had ownership or control of the thing which caused the damage; (2) the thing was defective in that it created an unreasonable risk of harm; (3) the public entity had actual or constructive knowledge of the defect and failed to take remedial measures within a reasonable time; and (4) causation. Sudduth v. State, Department of Transportation & Development, 619 So.2d 618 (La.App. 3 Cir.), writ denied, 629 So.2d 349 (La.1993); Valet v. City of Hammond, 577 So.2d 155 (La.App. 1 Cir.1991); La.R.S. 9:2800.
The trial court concluded that neither the parish nor the police jury had ownership or control of Louisiana Highway 347 and, therefore, the plaintiffs could not establish the first of the four elements. We agree.
The duty to repair and maintain a road in a safe manner falls upon the political body that has jurisdiction over the road. Wall v. American Employers Insurance Company, 215 So.2d 913 (La.App. 1 Cir. *776 1968), writ refused, 217 So.2d 415 (La.1969); Breshers v. Department of Transportation and Development, State of Louisiana, 536 So.2d 733 (La.App. 3 Cir.1988), writs denied, 541 So.2d 854, 856 (La.1989). The mere fact that a highway falls within a parish does not automatically vest the parish with supervisory powers over it, particularly where the legislature has designated it as part of the state highway system. Barnett v. City of Opelousas, 13 So.2d 788 (La.App. 1 Cir.1943). La.R.S. 48:191 enumerates the specific highways which fall within the state highway system, and Louisiana Highway 347 is listed among them. Thus, the duty to maintain Louisiana Highway 347 lies solely with the state.
DISPOSITION
The trial court’s judgment dismissing the suit against St. Martin Parish and the St. Martin Parish Police Jury is hereby affirmed. All costs are assessed against the plaintiffs.
AFFIRMED.