[ARMSTRONG, Judge,
dissenting.
I respectfully dissent because I believe that the allegations of the petition are sufficient to state a cause of aetion at least for defamation. The petition alleges that the charge of breach of fiduciary duty to a client was false, made with malice, was a type of charge likely to cause injury to a law firm and, in fact, did cause injury to the Milling Benson firm. I do not believe that it is necessary for the petition to allege that each and every allegation of the third-party demand against Milling Benson was false, etc. It is enough to allege that the third-party demand included a statement, i.e. that Milling Benson breached a fiduciary duty to a client, which was false, etc.
As to the cause of action for malicious prosecution, I am not inclined to embrace the view that, because the allegedly malicious action was dismissed as prescribed, there can be no action for malicious prosecution. After all, it is not Milling Benson’s fault that the allegedly malicious action was brought against it untimely. Also, even though the charge of breach of fiduciary duty to a client was not litigated to a conclusion on the merits in the allegedly malicious action, its truth of falsity can be litigated in the present action.
Rif a petition states any cause of action at all, an exception of no cause of action must be overruled. E.g., Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La.1993).
I would reverse and remand.