11 ARMSTRONG, Judge.
This is a lender liability type action brought by a pro se plaintiff. The trial court found that the plaintiffs petition, even as amended, failed to state a cause of action except for the petition’s demand for an accounting as to certain rents derived from foreclosed-upon property. The defendants made an accounting in court, the plaintiff was given the opportunity to traverse the accounting, which he attempted to do, and the trial court found that the defendants had properly accounted for the rents. The trial court then dismissed the plaintiffs action. The plaintiff brought the present appeal. We affirm.
We note that the plaintiff has not filed any specification of errors or any brief on appeal. Instead, the plaintiff has filed a number of documents (pleadings, evidence, a transcript) from the record. Because the plaintiff is pro se, we have reviewed, with great liberality, both the just-mentioned documents from the record and the record as a whole in order to identify, as best we can, the issues raised by the plaintiff in this case. We also note that it appears that the trial court, rather than *942 insisting upon strict compliance with rules of procedure, treated the plaintiff with | ¡.great indulgence in order to see that he received a fair hearing and substantial justice.
Plaintiff sued Metro Bank, which was his creditor and which held a mortgage on an office building owned by plaintiff, as well as a loan participant, Gulf Coast Bank, the president of Metro Bank, Larry Tyson, the former president of Metro Bank, Glen Dottolo, and an officer of Gulf Coast Bank, Adrian Scully. The suit relates to Metro Bank’s foreclosure upon the office building owned by the plaintiff.
The plaintiff appears to allege three general areas of wrongdoing by Metro Bank. First, he alleges that Metro Bank refused to negotiate a modification of his loan. Second, he alleges that Metro Bank breached some not clearly specified “verbal” (i.e.oral) agreements. Third, he alleges that Metro Bank did not properly give credit to the plaintiff for the rents collected by Metro Bank while the foreclosed-upon building was under seizure prior to the sheriffs sale.
The defendants responded with exceptions of no cause of action. There were various hearings, amendments, filings and proceedings over a period of almost a year. The net result of these proceedings was that the trial court held that the plaintiff had not stated a cause of action except for a claim for an accounting for the rents at issue.[1] Metro Bank then presented an accounting in court. The plaintiff was given a hearing, thirty days later, to traverse the bank’s accounting. | ?The trial court, obviously finding as a matter of fact that Metro Bank had properly accounted for all of the rents, denied the plaintiffs motion to traverse and dismissed his action. The plaintiff filed a motion for new trial which was denied after a hearing.
As to the plaintiffs allegation that Metro Bank refused to negotiate a modification of the plaintiffs loan, we agree with the trial court that such allegations do not state a cause of action. The plaintiff has cited no law, and we are aware of none, which obligates a bank to modify a loan.
As to the plaintiffs allegation that Metro Bank breached “verbal” (i.e.oral) agreements with the plaintiff, we again agree with the trial court that such allegations do not state a cause of action. Oral agreements to modify a loan are not actionable. See La. R.S. 6:1122; Whitney National Bank v. Rockwell, 94-3049 (La.10/16/95), 661 So.2d 1325; Casey v. Hibernia Corp., 97-1273 (La.App. 4 Cir. 3/4/98), 709 So.2d 933.
As to the plaintiffs traverse of Metro Bank’s accounting for the rents at issue, plaintiff has directed us to no evidence, and we can discern none in the record, that would lead to the conclusion that the trial court was clearly wrong/manifestly erroneous in finding as a matter of fact that Metro Bank’s accounting was correct and that the net rents had been properly credited against plaintiffs debt. Thus, we may not disturb this finding of fact by the trial court. E.g. Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173.
For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

. In reviewing the trial court's determination that the plaintiff did not state a cause of action in certain respects, we assume that the plaintiffs' allegations are correct. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).