386 So.2d 652 (1980)
Durel RODRIGUEZ
v.
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA.
No. 67784.
Supreme Court of Louisiana.
June 24, 1980.
Melvin Ripp, Jr., New Orleans, for plaintiff-applicant.
William L. Brockman, New Orleans, for defendant-respondent.
PER CURIAM.
Relator has applied for supervisory writs, complaining that the trial court erred in maintaining defendant's exception of no cause of action.
Relator's suit primarily seeks recovery of the value of his totally destroyed automobile from his own insurer. Relator additionally demands penalties and attorney's fees based on the insurer's arbitrary refusal to pay the amount demanded, as well as further "damages for breach of fiduciary obligation". By exception of no cause of action defendant objected to relator's demand for the latter item of damages. The trial court maintained the exception and ordered that item of damages struck from the petition. Relator's application to the court of appeal for supervisory writs was denied on the basis that he has an adequate remedy by appeal.
We grant relator's application. When a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La. 1975).
The purpose of the rule is to prevent multiple appeals. The trial court's ruling in this case is a final judgment which creates the right of appeal as to only part of plaintiff's *653 cause of action and forces the intermediate court to consider the merits of that cause of action in a piecemeal fashion. The preferable procedure is for the trial court to overrule the exception and at the trial on the merits to exclude evidence of damages for breach of fiduciary obligation, it the court believes such damages are not recoverable. Relator can then include the evidence by means of a proffer, and in any subsequent appeal all issues can be presented at one time.

DECREE
Relator's application for supervisory writs is granted, and it is ordered that the trial court vacate its judgment maintaining the exception of no cause of action and overrule the exception.
WRIT GRANTED WITH ORDER.
DENNIS, J., not participating.