576 So.2d 1194 (1991)
William Norman FRANKS and Paula B. Franks
v.
John H. DUVALL and Champion Insurance Company.
No. 90-CA-732.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1991.
*1195 Louis R. Koerner, Jr., New Orleans, for plaintiffs/appellants.
James J. Donelon, Barbara G. Haynie, Donelon, Faust & Donelon, Metairie, for defendants/appellees.
Before GRISBAUM and GOTHARD, JJ., and CURRAULT, J. Pro Tem.
GOTHARD, Judge.
This is an appeal by the plaintiff from a judgment of the trial court maintaining an exception of no cause of action and dismissing plaintiff's suit without prejudice. We reverse.
Plaintiffs, Norman and Paula Franks, filed suit for physical damages to a trailer and a truck sustained as a result of an automobile accident in which it is alleged that defendant, Duvall's negligence was the sole cause. Additionally, Norman Franks sought damages for physical injury to his hand sustained two months subsequent to the accident when he was attempting to repair a spring on the trailer, damaged in the accident.
Defendant Duvall and his insurer filed a no cause of action exception arguing that the physical injury to Norman Franks' hand was not foreseeable at the time the accident occurred. The trial court maintained the exception and dismissed the suit.
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the plaintiff's petition. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984) writ den. 448 So.2d 1302 (La.1984). An exception of no cause of action calls into question whether any remedy is afforded by law for the particular grievance set forth by the plaintiff. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Gilvin v. Metro. Prop. & Liability Ins., 519 So.2d 268 (La.App. 5th Cir.1988). The exception may be sustained only when it is clearly shown that the law affords no remedy to anyone for the particular grievance alleged. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3rd Cir.1984); Herbert v. City of Kenner, 501 So.2d 901 (La.App. 5th Cir. 1987). If the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Cupp v. Federated Rural Elec. Ins. Co., 459 So.2d 1337 (La.App. 3rd Cir.1984); Herbert v. City of Kenner, supra. The purpose of this rule is to prevent piecemeal litigation and to avoid multiple appeals. Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La.1980).
The Third Circuit has adopted a rule which allows a partial exception of no cause of action where the petition sets forth separate and distinct causes of action. Bordelon v. Cochrane, 533 So.2d 82 (La. App. 3rd Cir.1988); writ denied, 536 So.2d 1255 (La.1989). The First Circuit has refused to follow that jurisprudential rule, adhering instead to the rule set out by the Supreme Court in Rodriguez, supra, that if the petition asserts one cause of action the *1196 suit cannot be dismissed on a no cause of action exception. Pines v. Dr. Carlos D. Moreno, Inc., 569 So.2d 203 (La.App. 1st Cir.1990). As explained in Rodriguez:
The purpose of the rule is to prevent multiple appeals. The trial court's ruling in this case is a final judgment which creates the right of appeal as to only part of plaintiff's cause of action and forces the intermediate court to consider the merits of that cause of action in a piecemeal fashion. The preferable procedure is for the trial court to overrule the exception and at the trial on the merits to exclude evidence of damages for breach of fiduciary obligation, it (sic) the court believes such damages are not recoverable. Relator can then include the evidence by means of a proffer, and in any subsequent appeal all issues can be presented at one time.
Rodriguez, supra. 386 So.2d at 652-53. We find that reasoning persuasive. If, at a trial on the merits, a finding is made that the bodily injury to Mr. Franks' hand was not a foreseeable consequence of the automobile accident, the trial court can exclude such evidence and allow it to be included by proffer for a full review of all the claims together on appeal.
In the instant case there are two plaintiffs who allege that defendant's negligence caused them to suffer damage. Mr. Franks asserts that a trailer he owned was damaged and Mrs. Franks, who owned the truck, asserted that she sustained damages. Those assertions, made in addition to Mr. Franks' claim for his bodily injury, clearly state a cause of action pursuant to LSA-C.C. art 2315 and should not be dismissed. Since two portions of the petition state causes of action, the exception of no cause of action should be overruled.
For these reasons, the judgment of the trial court is reversed and the plaintiffs' suit is reinstated. The matter is remanded for further proceedings. Costs of this appeal are assessed to the defendants.
REVERSED AND REMANDED.