616 So.2d 1234 (1993)
EVERYTHING ON WHEELS SUBARU, INC.
v.
SUBARU SOUTH, INC., et al.
No. 91-C-2708.
Supreme Court of Louisiana.
April 12, 1993.
Michelle O. Lorio, H. Evans Scobee, Durrett, Hardin, Hunter, Dameron & Fritchie, for applicant.
William A. Morvant, Shows, Cohn, & Cali, for respondent.
*1235 LEMMON, Justice.[*]
The issue is this case is whether a court may render a judgment partially maintaining an exception of no cause of action when the judgment adjudicates one or more, but less than all, of the demands or causes of action asserted against the excepting party. A related issue is whether the party opposing the exception must appeal from the judgment partially maintaining the exception in order to prevent the judgment from acquiring the authority of the thing adjudged. These issues implicate the concepts of cumulations of actions and joinder of parties, partial final judgments, and appealability of partial final judgments.
Facts
In 1987 plaintiff dealer entered into an exclusive Dealer Franchise Agreement with defendant distributor whereby plaintiff became an authorized Subaru dealer for the retail sales and service of automobiles and parts which were furnished by defendant. Because of financial problems, plaintiff terminated the franchise in March, 1988 and ultimately sold the dealership.
After terminating the franchise, plaintiff filed the instant action seeking recovery of damages based on the following four causes of action:
1. Defendant shipped more vehicles to plaintiff than could reasonably be expected to be sold in the ordinary course of business;
2. Defendant charged interest over and above the floor plan financing arrangement with plaintiff;
3. Defendant induced plaintiff to accept shipment of late model vehicles; and
4. Defendant violated the provisions of La.Rev.Stat. 32:1257 which require the repurchase of inventory, and defendant unreasonably withheld its consent for the approval of the new franchisee.
Defendant filed an exception of no cause of action, arguing that none of the four sets of allegations in the petition stated facts upon which relief could be granted. The trial court maintained the exception and dismissed plaintiff's "claims" as to the first and fourth causes of action, but overruled the exception as to the second and third causes of action. The court then granted plaintiff a devolutive appeal from the portion of the judgment partially maintaining the exception.
The court of appeal approved the procedure of granting a partial exception of no cause of action under these circumstances and also determined on the merits that the petition did not state a cause of action as to the first and fourth claims for relief. 593 So.2d 1269.
This court granted certiorari to review the decisions of the lower courts. 594 So.2d 1305.
Exception of No Cause of Action
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Kuebler v. Martin, 578 So.2d 113 (La.1991).
An early decision of this court addressing the problem of partial judgments on exceptions of no cause of action was Succession of Curtis, 156 La. 243, 100 So. 412 (1924). The plaintiff filed a petition for partition of property belonging to a succession, as well as for recognition of the plaintiff's ownership of certain property included in the succession which allegedly had been the subject of a simulated sale. The defendant filed an exception of no cause of *1236 action only as to that part of the petition seeking to have the sale declared a simulation. The trial court maintained the exception and dismissed the demand to declare the simulated sale. On appeal, plaintiff complained that the court's ruling on the exception of no cause of action forced plaintiff to appeal from the judgment, leaving the balance of the case undetermined. This court stated that it could "discover no sufficient reason, if the exception should be found to be well taken, for sending the case back merely to have the court to hold the ruling on the exception in abeyance until the decision of the case on the merits." Id. at 245, 100 So. at 413. Because the exception was directed at a cause of action wholly independent from the action for partition, the court stated:
[A] peremptory exception founded on law may be filed at any time during the progress of the case, either before or after issue joined, and if well taken as to part of the demand it may be sustained to that extent in advance of the trial on the merits or even during the trial.
Id. at 245, 100 So. at 413. Nevertheless, the court recognized:
It may be better practice to delay the signing of the judgment, or not to sign any judgment, where an exception of no cause of action is sustained which does not dispose of the whole case, until final judgment on the merits. This would avoid splitting up the case and a multiplicity of appeals.
Id. at 245, 100 So. at 413.
In Succession of Nelson, 163 La. 458, 466, 112 So. 298, 301 (1927), this court observed:
Where, as in this case, a litigant alleges, among his grounds of complaint, one which is distinct from the others, and does not show a cause of action, the judge does not err in sustaining the exception as to such ground. It would be vain, in this instance, to sustain counsel's contention by overruling the exception, when the law says that evidence shall not be admitted to sustain the ground against which the exception is leveled.
This court continued to struggle with the problem and used a different approach in Reeves v. Barbe, 200 La. 1073, 9 So.2d 426 (1942). In Reeves, the plaintiffs asserted a number of claims based on separate agreements involving two tracts of land. The defendant admitted that the petition stated a cause of action as to one tract, but filed an exception of no cause of action as to the other tract. This court stated that "[a] judgment dismissing, on exception of no cause of action, only a part of the case is an interlocutory judgment from which no appeal lies unless irreparable injury will result." Because the judgment maintaining the exception as to one cause of action did not dispose of all the points in controversy between the parties and did not cause the parties irreparable injury, this court refused to allow the appeal. In effect this court allowed the granting of an exception of no cause of action on one of several causes of action asserted in the same petition, but ruled that no appeal ordinarily lies from such a judgment.
In modern times this court has developed a general rule against maintaining an exception of no cause of action in part. If the petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action generally should be overruled. Spiers v. Davidson, 233 La. 239, 96 So.2d 502 (La.1957); Harwood Oil & Mining Co. v. Black, 240 La. 641, 124 So.2d 764 (La.1960); Matte v. Continental Trailways, Inc., 278 So.2d 60 (La.1973); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Rodriguez v. American Bankers Insurance Co. of Florida, 386 So.2d 652 (La.1980); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). The purpose of this general rule is to prevent a multiplicity of appeals which forces an appellate court to consider the merits of the action in a piecemeal fashion. Rodriguez v. American Bankers Insurance Co. of Florida, 386 So.2d 652 (La.1980).
The courts of appeal (as in the present case) have recently distinguished cases in which the petition asserts several separate and distinct causes of action from cases in which the petition asserts only one cause of action but demands several types of relief *1237 or several elements of damages. In Bordelon v. Cochrane, 533 So.2d 82 (La.App. 3d Cir.1988), cert. denied, 536 So.2d 1255 (La.1989), the court noted that an exception should generally be overruled if any part of the petition can withstand the exception, but held that the general rule does not apply when the petition sets forth separate and distinct causes of actions. The court concluded that the trial court, which had maintained the exception as to all causes of action, was correct in dismissing two actions (the minority shareholder's action to recover individually for the corporation's directors' and officers' breaches of fiduciary duties and the shareholder's derivative action for alleged losses due the corporation), but reversed and remanded on the other cause of action for breach of the shareholder's agreements. See also Ward v. Tenneco Oil Co., 564 So.2d 814 (La.App. 3d Cir.1990), and Milstead v. Louisiana Power and Light Co., 581 So.2d 1085 (La.App. 2d Cir.), cert. denied, 587 So.2d 697 (La.1991).
Other intermediate courts have applied the general rule while recognizing that it may not always be applicable. See Bailey v. Texas Pacific Coal and Oil Co., 134 So.2d 339 (La.App. 3d Cir.1961) (when a petition sets out two separate and distinct demands, an exception of no cause of action may lie to eliminate one while the other is maintained, but here the plaintiff's petition was based on one incident and one set of facts, and simply demanded two types of relief); McGowan v. H.L. Ramey, 484 So.2d 785 (La.App. 1st Cir.1986) (if a petition asserts two or more causes of action, an exception of no cause of action may be maintained as to one cause of action and overruled as to the other, but dismissing a claim for treble damages in an unfair trade practices cause of action does not dismiss a cause of action and is not the proper procedural vehicle to eliminate an isolated claim of relief from consideration by the jury).
Nevertheless, there are intermediate decisions that have strictly followed the general rule against partial judgments on exceptions of no cause of action, set forth recently by this court in Rodriguez v. American Bankers Ins. Co. of Florida, 386 So.2d 652 (La.1980).[1]See Pines v. Dr. Carlos D. Moreno, Inc., 569 So.2d 203 (La.App. 1st Cir.1990); Franks v. Duvall, 576 So.2d 1194 (La.App. 5th Cir.1991).
These cases demonstrate that there has been uncertainty in the area of partial judgments on exceptions of no cause of action. We therefore take this opportunity to discuss partial judgments and to distinguish those cases involving separate and distinct causes of action properly cumulated in a single suit from those cases involving a single cause of action while asserting several types of relief or demanding several elements of damages.
Cause of Action
Defendant argues that since the present case involves two or more separate and distinct causes of action which could have been brought separately without violating La.Code Civ.Proc. art. 425's rule against dividing a cause of action, defendant should be allowed to obtain dismissal of any of the separate actions on which plaintiff is not legally entitled to relief on the *1238 face of the petition.[2]
To determine the merits of defendant's argument, we must first examine the meaning of the term "cause of action." In Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350, 353 (La.1975), this court defined cause of action as "an act by a defendant which gives a plaintiff a right to invoke judicial interference on his behalf."[3] The court pointed out the difference between a demand, which is "the object of the suit," and a cause of action, which is "the state of facts which gives a party a right to judicially assert an action against the defendant."[4] Thus, cause of action, as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant.[5]
Cumulation of Actions
A civil action is the demand for the enforcement of a legal right. La.Code Civ.Proc. art. 421. Cumulation of actions is the joinder of separate actions in the same judicial demand. La.Code Civ.Proc. art. 461. A single plaintiff may cumulate against the same defendant two or more actions, even though based on different grounds, if (1) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue, and (2) all of the actions cumulated are mutually consistent and employ the same form of procedure.[6] La.Code Civ.Proc. art. 462.
Whether or not to cumulate separate actions is a discretionary decision of a plaintiff. However, all actions arising out of the same transaction or occurrence must be brought together or be subject to a plea of res judicata. La.Rev.Stat. 13:4231; La.Code Civ.Proc. art. 425.
The distinction between an action asserting several demands based on the operative facts of one transaction or occurrence (which demands must be cumulated) and cumulated actions based on the operative facts of several separate and distinct transactions or occurrences (which causes of action may be cumulated) is at the heart of the problem in this case. There is only one *1239 cause of action (although several demands or theories of recovery may be asserted thereon) when the operative facts of one transaction or occurrence give rise to the plaintiff's right to assert the action against the defendant. However, there are separate and distinct causes of action when the operative facts of separate and distinct transactions or occurrences give rise to the plaintiff's right to assert various actions against the defendants.
Partial Judgments on Exceptions of No Cause of Action
From the foregoing discussion of causes of action and cumulation of actions, we formulate two general rules regarding partial judgments on exceptions of no cause of action.
If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery.[7] In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally inappropriate.
However, if two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other actions to be tried on the merits.[8] In such a case, there are truly several causes of action, and a judgment partially maintaining the exception as to one separate and distinct cause of action is generally appropriate. However, the question remains whether that partial judgment is a final judgment which must be appealed in order to prevent the judgment from acquiring the authority of the thing adjudged.
Appealability of Judgments
Appeals may be taken "from a final judgment" and from "an interlocutory judgment which may cause irreparable injury." La.Code Civ.Proc. art. 2083. A final judgment is one that determines the merits of the action in whole or in part. La.Code Civ.Proc. art. 1841. However, the Code only authorizes the rendering of some partial final judgments. La.Code Civ.Proc. art. 1915.
A judgment maintaining an exception of no cause of action and dismissing the action completely is a final judgment which is appealable. However, a judgment partially maintaining an exception of no cause of action is a valid partial final judgment (and therefore appealable) only if authorized by Article 1915.
Partial Final Judgments
Before the adoption of procedural rules liberalizing cumulation of actions and joinder of parties, only judgments which finally adjudicated all claims with regard to all parties were appealable. When liberal joinder provisions were adopted, it became obvious that appeals should be available from some partial judgments when a party had a clearly distinct claim or defense and should not be required to remain in the action awaiting lengthy litigation by other parties. On the other hand, there were efficiency advantages to limiting the number of appeals *1240 in multiple-party and multiple-claim litigation.
The solution in the federal system was the adoption of Fed.R.Civ.P. 54(b), which "attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multipleclaim situations at a time that best serves the needs of the litigants."[9] 10 Charles A. Wright et al, Federal Practice and Procedure § 2654 (2d ed.1983). Rule 54(b), in its present form, effectively prohibits a judgment as to one or more, but fewer than all, of the claims or parties unless the court expressly determines there is no just reason for delay and expressly directs entry of the judgment. The obvious purpose of Rule 54(b) was to reduce the uncertainty for a litigant who would otherwise proceed at his risk in deciding whether to appeal or not to appeal from a judgment of questionable finality. Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 70 S.Ct. 322, 94 L.Ed. 299 (1950). Rule 54(b) requires the district court to provide a clear statement of its intention with regard to finality. Id.
Because of the confusion in Louisiana concerning partial judgments, the Louisiana State Law Institute, in preparing the Code of Civil Procedure for adoption by the Legislature in 1960, studied Fed.R.Civ.P. 54(b) and procedural laws in other jurisdictions. The resulting procedural rules recommended for partial judgments were enacted as La.Code Civ.Proc. art. 1915. John T. Hood, Judgments: Book II, Title VI, 35 Tul.L.Rev. 578 (1961); Jack P. Brook, Symposium on Civil Procedure: Rendition of Judgments, 21 La.L.Rev. 228, 232-34 (1960).
As enacted in 1960, Article 1915 provided:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.[10]
Article 1915 was designed to limit to the enumerated situations a court's authority to render a partial final judgment which is appealable. When a judgment adjudicates all of the claims and defenses asserted by all of the parties, such a judgment is universally recognized as appealable (subject to statutory limitations in courts of limited jurisdiction). But when a judgment adjudicates *1241 fewer than all of the claims or defenses, or adjudicates the claims or defenses of one or more but less than all of the parties, there are significant problems in designating such a judgment as appealable. If all such judgments were appealable, there would be intolerable problems of multiple appeals and piecemeal litigation. On the other hand, a party who is completely exonerated in pretrial proceedings should be entitled to be spared of further trial litigation. Another major problem is that the loser in a partial judgment faces the dilemma of deciding whether (1) to appeal immediately (despite the probable delay to the remainder of the case) and possibly have the appeal dismissed as premature, or (2) to wait until the entire case is decided and risk being told then that he should have appealed earlier and that the judgment has become res judicata.
Article 1915 divides the resolution of the problem into two categories, parties and issues. In multiparty litigation, a judgment which adjudicates the rights and liabilities of one or more, but less than all, of the plaintiffs, defendants or parties to an incidental action and results in the dismissal of one or more of these parties is a partial final judgment authorized under Article 1915.[11] As such, the judgment is immediately appealable.
A judgment which, without dismissing a party, adjudicates some (but less than all) claims, defenses, or issues presents a greater problem. Such a partial judgment usually results from a motion for summary judgment or a motion for judgment on the pleadings, both of which are specifically listed in Article 1915. But such a partial judgment can also result from an exception of no cause of action, as occurred in this case. Article 1915 lists the exclusive instances in which partial final judgments are permitted. Lee v. Lee, 375 So.2d 769 (La.App. 4th Cir.1979). Because Article 1915 does not authorize a partial final judgment on an exception of no cause of action (unless a party is dismissed), the judgment in the present case is an interlocutory judgment which is not appealable in the absence of irreparable injury.[12]
Review of Non-Appealable Partial Final Judgments
Under modern rules of liberalized joinder of parties and of actions, it is critical to clarify when a partial disposition of the litigation must be appealed in order to prevent the decision from acquiring the authority of the thing adjudged. The federal system achieved that certainty by adopting Fed.R.Civ.Proc. 54(b), which prohibits entry of a final judgment as to one or more, but less than all, of the parties or claims unless the trial court expressly determines that there is no just reason for delay and expressly directs entry of the judgment. Our decision in the present case to treat as interlocutory any partial judgment that does not dismiss a party and is not expressly authorized by Article 1915 provides the desired certainty and protection for litigants who do not wish an immediate review of the partial judgment. But there are some cases in which the litigants and the courts may desire immediate review of a partial judgment, as when the legal issue that is the subject of the partial judgment is the sole point hindering compromise of the litigation. In such a case one or more of the parties may apply for supervisory writs under La.Code Civ.Proc. art. 2201, indicating that immediate review is justified because resolution of the issue will likely terminate the litigation. See Herlitz *1242 Construction Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) (an appellate court should consider an application under its supervisory jurisdiction, even though relief may be ultimately available to the applicant on appeal, when there is no factual dispute, reversal of the interlocutory judgment will terminate the litigation, and the judgment appears palpably wrong). Indeed, the trial judge by per curiam may verify that an immediate review may materially advance the termination of the litigation, similar to the way a federal trial judge expresses his or her determination that there is no just reason for delay when certifying a matter for entry of judgment under Rule 54(b). Otherwise, the judgment is deemed interlocutory, and the issue adjudicated by the interlocutory judgment can be reviewed on appeal following a trial on the merits of the remainder of the case.
Summary
In summary, a trial court, in considering an exception of no cause of action in multiclaim litigation in which the court might rule in favor of the exceptor on less than all claims or on the rights of less than all parties, must first determine whether (1) the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence, or (2) the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences.[13] If the former, the court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of recovery. If the latter, the court should maintain the exception in part, but the partial judgment rendered by the court is not a partial final judgment which is appealable in the absence of irreparable injury. Any party may apply for supervisory writs by showing that an immediate review may materially advance the termination of the litigation. Otherwise, the causes of action affected by the interlocutory judgment may be reviewed on appeal after the trial on the merits disposes of all issues and parties.
Under this procedure there is only one appeal in most cases.[14] The losing party in the interlocutory judgment knows that it is not necessary to appeal the partial judgment. The winning party need not undertake further preparation in the trial court on the adjudicated cause or causes of action, which in effect are held in abeyance pending disposition on the merits of the remaining causes of action.
Decree
The judgments of the lower courts are set aside, and the case is remanded to the district court to reconsider the exception of no cause of action according to the procedure outlined in this opinion.
WATSON, J., concurs but notes that he would prefer that this court fashion a judgment rather than remand.
NOTES
[*] Justice Luther F. Cole, Retired, was assigned to participate in this case, having been on the court when the case was argued.
[1] In Rodriguez, the plaintiff filed suit against his own insurer seeking recovery for the value of a totally destroyed automobile, along with penalties and attorney's fees based on the insurer's arbitrary refusal to pay and damages for breach of the insurer's fiduciary obligation. The defendant filed an exception of no cause of action as to the latter item of damages. The trial court maintained the exception and ordered that item stricken from the petition. The court of appeal denied plaintiff's supervisory writ application, noting that plaintiff had an adequate remedy by appeal. This court granted supervisory writs and held in a per curiam opinion:

The trial court's ruling in this case is a final judgment which creates the right of appeal as to only part of plaintiff's cause of action and forces the intermediate court to consider the merits of that cause of action in a piecemeal fashion. The preferable procedure is for the trial court to overrule the exception and at the trial on the merits to exclude evidence of damages for breach of fiduciary obligation, if the court believes such damages are not recoverable. Relator can then include the evidence by means of a proffer, and in any subsequent appeal all issues can be presented at one time.
[2] La.Code Civ.Proc. art. 425A provides:

A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.
[3] In Trahan this court referred to definitions of "cause of action" by French scholars as follows:

Laurent, "The juridical fact which constitute the basis of the right;" Marcade, "The immediate basis of the right which the party seeks to exercise;" Planiol, "The juridical or material fact which is the basis of the right claimed or of the defense urged;" Dalloz, "That which serves as the basis of the demand, the juridical reason or motif on which it is based;" Aubry et Rau, "The juridical fact which forms the direct and immediate basis of the right or of the legal benefit of which one of the parties seeks to avail himself;" Baudry-Kacabtunerie et Barde, "The juridical fact which constitutes the legal basis of the benefit of the right, object of the demand;" Larombiere, "The legal basis of the right which the parties urge against each other respectively, but action or by exception;" and Hue, "The fact which is invoked by the plaintiff as constituting the basis of his right." (emphasis in original).
Id. at 353 n. 4.
[4] In developing these definitions, the court looked to the following language in Hope v. Madison, 192 La. 593, 606, 188 So. 711, 715 (1939):

A cause of action is an act on the part of a defendant which gives rise to a plaintiff's cause of complaint; "the existence of those facts which give a party a right to judicial interference in his behalf"; "the situation or state of facts which entitles a party to sustain an action".
"When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong." Quotations from 2 Words & Phrases, First Series, Cause of Action, p. 1017. (emphasis in original).
[5] The task of defining cause of action in various contexts has perplexed Louisiana courts for many years. The task is relatively simple when the separate causes of action arise out of entirely separate facts. However, the task is substantially more difficult when the possibly separate causes of action arise out of overlapping sets of operative facts. These difficult questions must be addressed on a case-by-case basis.
[6] Cumulation of actions is also allowed for plural plaintiffs or defendants, if the foregoing conditions are met and if there is a community of interest between the parties joined.
[7] This was the decision in Rodriguez v. American Bankers Insurance Co. of Florida, 386 So.2d 652 (La.1980), when this court reversed a judgment partially granting an exception of no cause of action by dismissing a demand against an insurer for breach of a fiduciary obligation, while demands against the same insurer arising out of the operative facts of the same occurrence remained to be tried.
[8] In Henry G. McMahon, Civil Procedure, XXIII La.L.Rev. 378, 385-86 (1963), the author, an editor of the Code, stated:

The distinction between the cumulation of two or more separate actions in the same suit and plural prayers for relief based on the same cause of action is procedurally important. An exception lies to dismiss one of two or more separate causes where the petition discloses no right or cause of action with respect thereto; but the exception does not lie if a single cause of action is asserted and the petition discloses a right to any of the plural relief demanded.
[9] Fed.R.Civ.P. 54(b), in its present form, provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
[10] Article 1915 was amended in 1983 to designate paragraphs A and B, to change the words "Renders" in subparagraph (4) to "Signs a," and to add subparagraph (5) pertaining to separate trials of liability and damages. In 1992 paragraph B (the last paragraph of the original article) was amended to add an exception pertaining to a summary judgment rendered on the issue of insurance coverage alone.
[11] Paragraph (4) of Article 1915 authorizes a final judgment on either the principal or incidental demand that is tried separately. This provision, similar to Paragraph (1), applies to the adjudication of the rights and liabilities of one or more parties.
[12] There does not appear to be any logical reason to treat partial judgments resulting from a motion for summary judgment any differently from partial judgments resulting from an exception of no cause of action. We therefore reserve for another day the question whether a partial judgment on a motion for summary judgment, that merely decides one of several claims, defenses or issues without dismissing any party, is a final judgment which is authorized by Article 1915 and which therefore must be appealed immediately in order to prevent the judgment from acquiring the authority of the thing adjudged.
[13] As noted in footnote 5, this determination is frequently difficult.
[14] Of course, if the appellate court on the eventual appeal reverses the judgment maintaining the exception as to one cause of action, that portion of the case will have to be remanded for trial. But even in these few cases, some errors will be corrected on supervisory writs under the Herlitz criteria.