778 So.2d 583 (2001)
Ursula BULOT, et al.
v.
INTRACOASTAL TUBULAR SERVICES, INC., et al.
No. 2000-CC-2161.
Supreme Court of Louisiana.
February 9, 2001.
*584 Sam A. LeBlanc, III, Glen Marion Pilie, Robert Markle, Adams & Reese, New Orleans, for Applicant.
Stuart H. Smith, Michael G. Stag, Stag & Smith, New Orleans; Philip E. Henderson, Houma, James J. Adams, Lafayette, James F. Holmes, Robert B. McNeal, Patricia E. Weeks, Patrick A. Talley, Jr., Susan M. Mueller, New Orleans, Guy E. Wall, River Ridge, Matthew J. Randazzo, III, New Orleans, for Respondent.
Martha Y. Curtis, James M. Garner, Keith A. Kornman, New Orleans, for Amicus Curiae Murphy Oil U.S.A. Inc.
Stepnen J. Herman, New Orleans, for Amicus Curiae Louisiana Injured Workers Union and Louisiana Trial Lawyers Association.
PER CURIAM[*]
Plaintiffs in these consolidated lawsuits are survivors of former employees of Intracoastal Tubular Services who were employed at various times between the 1950's1980's, and died in the late 1980's or early 1990's.[1] They filed suit against several defendants, including Mobil Exploration & Producing Southeast, Inc. ("Mobil").[2] In addition to their regular tort claims, plaintiffs seek to recover punitive damages under La. Civ.Code art. 2315.3,[3] which became effective on September 3, 1984 and was in effect at the time of their decedents' death, on the ground that their decedents were exposed to hazardous substances by Mobil.
Mobil filed a peremptory exception raising the objection of no cause of action as to the punitive damage claims, arguing the bulk of decedents' exposures to the allegedly toxic materials occurred prior to the article's 1984 effective date. The trial court sustained the exception. Plaintiffs applied to the court of appeal, which granted writs and reversed the ruling of the trial court. Relying on this court's opinion in Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262, the court reasoned that because La. Civ.Code art. 2315.3 was in effect at the time of decedents' death, it applied to plaintiffs' wrongful death claims. Upon Mobil's application, we granted certiorari to consider the correctness of that ruling.
In granting certiorari, we intended to address whether application of La. Civ. Code art. 2315.3 to conduct arising prior to its effective date would be an improper retroactive application of the article under Walls. However, in reviewing the record, we have determined that plaintiffs have alleged each of the decedents had some exposure to hazardous or toxic substances after the effective date of La. Civ.Code art. 2315.3. Insofar as plaintiffs have alleged their damages result from this post 1984 exposure, it is clear that the retroactivity of La. Civ.Code art. 2315.3 is not implicated. Thus, we conclude the court of appeal reached the correct result in holding Mobil's exception of no cause of action should have been overruled.[4]
*585 Accordingly, we conclude that the judgment below does not require the exercise of our supervisory authority. We therefore recall our order granting certiorari as improvidently granted, and deny the application, on the ground that the result is correct.
NOTES
[*] James C. Gulotta, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.
[1] The decedents at issue in this matter are: (1) Adrian Bulot, Jr., who was employed by Intracoastal from 1960 until 1992 and died in 1992; (2) Lee Craft, Sr., who was employed by Intracoastal from 1952 until 1985, dying in 1986; and (3) Osimento Salmeron, who was employed by Intracoastal from 1975 through 1989, dying in 1991.
[2] Mobil is the only defendant before the court at this time.
[3] The exemplary damages article at issue became effective as La. Civ.Code art. 2315.1 on September 3, 1984, and was later redesignated as article 2315.3. The article was repealed as of April 16, 1996.
[4] Because this case arises as an exception of no cause of action, we express no opinion as to whether plaintiffs could recover punitive damages for pre-1984 exposure. Rather, we observe that once plaintiffs have pled a cause of action for punitive damages arising from post-1984 conduct, the entire exception must be overruled. See Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).