EDWIN A. LOMBARD, Judge.
| ,This appeal is from a final judgment granting the peremptory exception of no cause of action filed by the defendant/ap-pellee, the New Orleans City Park Improvement Association (“City Park”) and dismissing all claims of plaintiff/appellant, Donald J. Gauthreaux. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

Although the appellant, an unclassified employee of city park, accumulated approximately 997 hours of vacation leave prior to his termination on Sept. 3, 2003 he was paid for only 300 hours of the accrued vacation leave. On January 6, 2005, the appellant filed suit in civil district court alleging that he was entitled to payment for the remainder of his accrued vacation pay. City Park filed a peremptory exception of no cause of action and a dilatory exception of unauthorized use of summary proceedings. The district court granted the peremptory exception and dismissed appellant’s petition. This timely appeal was filed.

¡^Discussion

In his sole assignment of error, the appellant argues that he stated a cause of action under La.Rev.Stat. 23:631 and, accordingly, the trial court erred in granting the exception of no cause of action.
For purposes of an exception of no cause of action, the factual allegations of the petition must be accepted as true and the sole issue before the court is whether, on the face of the petition, the petitioner is entitled to relief. Everything on Wheels, Subaru v. Subaru South, Inc., 616 So.2d 1234 (La.1993). On appeal, the trial court’s ruling sustaining an exception of no cause of action is reviewed de novo by this court. City of New Orleans v. Board of Commissioners of Orleans Levee Dist., 93-0690, pp. 47-49 (La.7/5/1994), 640 So.2d 237, 253.
La.Rev.Stat. 42:421(B) provides that a state employee may be paid for accrued annual leave amounting to the same maximum as provided by the civil service rules. In turn, Civil Service Rule 11.10(b) provides that “[n]o terminal payment for annual leave earned under these Rules shall exceed the value of 300 hours, computed on the basis of the employee’s hourly rate of pay (includes base supplement) at the time of his separation.” See also Executive Order MJF 98-23 § 10 (12/30/96) (upon final termination from state service an unclassified employee shall be paid his accrued annual leave in a lump sum up to a maximum of 300 hours).
Appellant’s reliance on La.Rev.Stat. 23:631 and 632 to argue that he was entitled to payment for surplus accrued vacation hours is misplaced. Those statutes only require an employer to promptly pay a discharged employee the “amount then due under the terms of employment.” The appellant conceded in his petition |sthat he was paid for 300 hours of accrued vacation leave, the amount due to him under La. Rev.Stat. 42:421(B), and, accordingly, he failed to state a cause of action.

Conclusion

After de novo review of the plaintiff/appellant’s petition in light of the applicable statutes, we affirm the judgment of the trial court granting the defendant/appel-lee’s exception of no cause of action.
AFFIRMED.