PITMAN, J.
| ] Plaintiffs, 88 former employees of Louisiana State University Health Sciences Center in Shreveport (“LSUHSC-S”), and Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (“LSU”),[1] appeal the judgment of the trial court finding that Plaintiffs are entitled to payment for annual leave balances in excess of 300 hours, penalties and attorney fees; finding that Plaintiffs are not entitled to sick leave; and denying LSU’s exception of no cause of action. For the following reasons, we affirm in part and reverse in part.
FACTS
On September 10, 2014, Plaintiffs filed a petition for a rule to show cause for payments due to terminated employees, stating that their employment with LSUHSC-S terminated on September 30, 2013, when LSUHSC-S and the Department of Health and Hospitals entered into a private partnership with the Biomedical Research Foundation of Northwest Louisiana for management and operation of University Hospital. They explained that approximately 2,047 job positions were terminated, which left no state employees remaining at University Hospital. They alleged that LSUHSC-S failed to provide payment of all amounts due to the terminated employees because LSU required them to forfeit all earned and accrued annual leave (i.e., vacation or personal leave time) in excess of 300 hours and all earned and accumulated sick leave. They contended that they are entitled to payment from LSUHSC-S for all wages, including bene *980 fits earned up to the time of the termination of employment, and to recover | gpenalties, attorney fees and interest as a result of LSUHSC-S’s failure to timely pay the amounts due upon termination of employment.
On April 13, 2015, LSU filed an answer and peremptory exception of no cause of action. LSU denied the allegations made by Plaintiffs, except that it did admit that Plaintiffs were laid off, as approved by the Louisiana State Civil Service Commission, and their employment with LSUHSC-S was terminated, effective September 30, 2013. It stated that, on October 9, 2013, many, if not all, Plaintiffs appealed to the State Civil Service Commission and alleged that LSUHSC-S violated La. R.S. 23:631 et seq., and Civil Service Rule 11.10 by not paying them the value of all their sick and annual leave. It noted that the State Civil Service Commission summarily dismissed Plaintiffs’ appeal and stated that LSUHSC-S did pay them for their annual leave as required by Rule 11.10, which states that no terminal payment for annual leave shall exceed the value of 300 hours. It argued that LSUHSC-S paid to each Plaintiff the amount due under the terms of employment in full compliance with La. R.S. 23:631 et seq., and explained that, as state employees in the classified service, they were allowed payment of not more than 300 hours of annual leave and cancellation of all accrued sick leave. Therefore, LSU argued that Plaintiffs failed to state a claim upon which relief could be granted because LSUHSC-S paid Plaintiffs all amounts of sick and annual leave due to them.
On April 22, 2015, the parties filed a joint stipulation of facts and exhibits. The parties stipulated that LSU provided payment to all Plaintiffs of their cash wages due and their accumulated annual leave, up to 300 hours, following termination by layoff on September 30, 2013. The parties also stipulated that LSU failed to respond or provide tender or payment to | ¡¡Plaintiffs for the accrued annual leave balances in excess of 300 hours and for the accrued sick leave balances. The parties further stipulated that the State Civil Service Commission denied a claim filed by Plaintiffs, stating that it did not have jurisdiction over claims under La. R.S. 23:631. The parties also stipulated to the pertinent Civil Service Rules and to Plaintiffs’ hourly rates of pay and accrued annual leave and sick leave balances.
On July 27, 2015, a hearing was held on Plaintiffs’ petition for a rule to show cause. Counsel for both parties presented arguments. The trial court noted that La. R.S. 23:631 was amended in 1997; and, under the current statute, Part D(2) states: “The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer’s policy.” The trial court stated that the employees could earn an unlimited amount of vacation time and reasoned that “[i]f they earn it, they can’t forfeit it, therefore, whether it’s 300 hours, 500, 600, whatever hours, they have a right to be paid for it.” It noted that La. R.S. 23:631 does not address sick leave and stated that the relevant Civil Service Rule applies to sick leave in this situation. It found that, because the employees had not been paid the additional amounts due to them, they are entitled to penalties and attorney fees in connection with the vacation pay only, not the sick pay.
On November 16, 2015, a hearing was held on the issues of calculation of the attorney fee award and the penalty award. The trial court found that 24 of the Plaintiffs worked 12-hour shifts for purposes of the penalty wage award calculation. Counsel for Plaintiffs testified about her work in this case, that one other attorney *981 worked with her, that they undertook representation of Plaintiffs on a contingent basis and that the fee 14arrangement was on a sliding scale — 20 percent if the case was resolved with Civil Service and 30 percent if the Civil Service case was appealed or if the case went to the district court. Noting the number of litigants involved and the amount of work performed over a two-year period in this case, the trial court granted Plaintiffs’ counsel the contingency fee of 30 percent.
On December 8, 2015, the trial court signed a judgment on the issues heard on July 27 and November 16, 2015. It found that Plaintiffs were entitled to payment for their annual leave balances in excess of 300 hours, together with penalty wages and attorney fees. It also found that the penalty award for those Plaintiffs who regularly worked 12-hour shifts should be calculated based on a 12-hour work day. It further found that a 30 percent contingency fee based on the total award in favor of Plaintiffs was a reasonable attorney fee. It denied all other claims and denied LSU’s exception of no cause of action. It awarded legal interest in favor of Plaintiffs and assessed costs against LSU.
LSU and Plaintiffs appeal.
DISCUSSION

No Cause of Action

In its first assignment of error, LSU argues that the trial court erred in denying its exception of no cause of action. It contends that, pursuant to Civil Service Rules, the total amount of pay actually earned by Plaintiffs for their unused accrued leave was limited to the value of up to 300 hours of annual leave at the hourly rate of pay in effect upon the date of their termination of employment. It also contends that any unpaid hours of accrued leave remaining after the terminal payment had no monetary value and are not earned wages within the meaning of La. R.S. 23:631 and 23:634. |RIt argues that there is no dispute or genuine issue of fact as to whether it paid each Plaintiff the amounts required under the express terms of the employment contract as set forth in the Civil Service Rules. Thus, LSU contends that Plaintiffs failed to state a cause of action against it.
Plaintiffs argue that the trial court’s denial of the exception of no cause of action should be affirmed. They state that the trial court correctly applied La. R.S. 23:631 et seq., to their claims for the unpaid leave they earned and accrued as state civil service employees. They contend that their claims are not preempted by Civil Service Rules.
The function of the exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm’n, 94-2015 (La. 11/30/94), 646 So.2d 885. It is designed to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234 (La. 1993). No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Bd. of Comm’rs of Orleans Levee Dist., 93-0690 (La. 7/5/94), 640 So.2d 237. In reviewing a trial court’s ruling on an exception of no cause of action, the court of appeal should subject the case to de novo review because the exception raises a question of law and *982 the lower court’s decision is based only on the sufficiency of the petition. Id.
IfiLa. R.S. 23:631(A)(l)(a) states in pertinent part:
Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.
La. R.S. 23:631 extends a remedy, i.e., payment of an amount due under the terms of employment, to terminated employees alleging that they were not paid amounts due upon termination of employment.
Accoi’dingly, this assignment of error lacks merit.

Award for Annual Leave in Excess of the Value of 300 Hours

In its second assignment of error, LSU argues that the trial court erred in awarding Plaintiffs amounts for unpaid annual leave in excess of the value of 300 hours, contrary to Civil Service Rules and in violation of the exclusive jurisdiction of the State Civil Service Commission. It states that the Louisiana Constitution vests the State Civil Service Commission with exclusive authority to establish a uniform pay and classification plan and to adopt rules governing compensation and disbursements to employees. It argues that these rules establish the terms of employment applicable to Plaintiffs and critical to the determination of whether it violated La. R.S. 23:631 et seq. It also argues that, pursuant to Civil Service Rules 11.10(b) and 11.18, the accrued unused annual leave in excess of the value of 300 hours and the accrued unused sick leave were not amounts then due under the terms of employment. It contends that payments with respect to the cancelled annual and sick leave are not owed to Plaintiffs and cannot be recovered by Plaintiffs from LSU.
17PIaintiffs argue that the trial court correctly awarded payment of unpaid accrued annual leave, penalty wages and attorney fees. They contend that the constitutional grant of authority to the State Civil Service Commission does not prohibit or bar a claim under La. R.S. 23:631.
Although LSU suggests that La. R.S. 23:631 et seq., infringe upon the exclusive jurisdiction of the State Civil Service Commission, we note that there is no conflict between the Civil Service Rules and La. R.S. 23:631 et seq., in this case. La. Const. Art. 10, § 10(A)(1)(a) vests the State Civil Service Commission with
broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating ... employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan. ...
La. R.S. 23:631 et seq., do not affect the “administration and regulation of the classified service” as contemplated by La. Const. Art. 10, § 10(A)(1)(a). The Civil Service Rules apply during the employment of classified employees, and La. R.S. 23:631 et seq., provide employees with a cause of action after termination of employment. The Civil Service Rules and La. R.S. 23:631 et seq., both apply in this case.
Plaintiffs’ “terms of employment” as contemplated in La. R.S. 23:631 are set forth in the Civil Service Rules.
Civil Service Rule 11.10 states in part: *983 (a) Subject to Rule 11.18(a) and subsection (b) of this rule, each employee upon separation from the classified service shall be paid the value of his accrued annual leave in a lump sum disregarding any final fraction of an hour; provided, that the privileges of this rule shall not extend to any employee who is dismissed for theft of agency funds or property. The payment for such leave shall be computed as follows:
Isl. When an employee is paid wages on an hourly basis, multiply his regular hourly rate by the number of hours of accrued annual leave.
2. When an employee is paid on other than an hourly basis, determine his hourly rate by converting his salary in accordance with provisions in the uniform pay plan for conversion to a working hourly rate. Multiply his converted hourly rate by the number of hours of accrued annual leave.
(b) No terminal payment for annual leave earned under these Rules shall exceed the value of 300 hours, computed on the basis of the employee’s hourly rate of pay (includes base supplement) at the time of his separation. The hourly rate of pay for employees who are on detail shall not include the employee’s pay in the detail position.
(c) No payment for annual leave under this Rule shall operate to continue the payee as a classified employee beyond the last day of active duty.
Rule 11.18(a) states in part that “[w]hen an employee separates from the state classified service, all accrued annual leave except that which must be paid and all accrued sick leave except that which must be paid under Rule 11.10.1 shall be cancelled.”
La. R.S. 23:631(D) states:
D.(l) For purposes of this Section, vacation pay will be considered an amount then due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
(a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.
(b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.
(2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer’s policy.
Pursuant to La. R.S. 23:631(A)(l)(a), LSU was required to pay to Plaintiffs upon their termination “the amount then due under the terms of employment.” As set forth in Civil Service Rule 11.10, Plaintiffs were entitled to payment of the value of their accrued annual leave, but this payment was limited to the value of 300 hours. La. R.S. 23:631(D) does not 19require LSU to pay Plaintiffs for the value of annual leave in excess of 300 hours because this excess amount is not an amount “actually earned by an employee pursuant to the employer’s policy.” The parties stipulated that LSU provided payment to all Plaintiffs of their cash wages due and their accumulated annual leave, up to 300 hours, following termination of employment. Therefore, LSU did not violate La. R.S. 23:631 because it fully paid to Plaintiffs “the amount then due under the terms of employment.” Thus, we find that the trial court erred in determining that Plaintiffs were entitled to payment for their annual leave balances in excess of 300 hours, that LSU violated La. R.S. 23:631 and that Plaintiffs were also entitled to payment of penalty wages and attorney fees.
*984 Accordingly, this assignment of error has merit.

Penalty Wages and Attorney Fees

In LSU’s remaining assignments of error, it argues that the trial court erred in awarding penalty wages and attorney fees to Plaintiffs under La. R.S. 23:632.
La. R.S. 23:632 states:
A. Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.
B. When the court finds that an employer’s dispute over the amount of wages due was in good faith, but the employer is subsequently found by the court to owe the amount in dispute, the employer shall be liable only for the amount of wages in dispute plus judicial interest incurred from the date that the suit is filed. If the court determines that the employer’s failure or refusal to pay the amount of wages owed was not in good faith, then the employer shall be subject to the penalty provided for in Subsection A of this Section.
|I0C. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
As stated above, LSU fully complied with La. R.S. 23:631 and paid Plaintiffs “the amount then due under the terms of employment,” i.e., annual leave up to the value of 300 hours. Because Plaintiffs were not entitled to the value of annual leave in excess of 300 hours and to sick leave, LSU did not violate La. R.S. 23:631. Therefore, Plaintiffs are not entitled to penalty wages and attorney fees as contemplated in La. R.S. 23:632.
Accordingly, these assignments of error have merit.

Sick Leave

In their first assignment of error, Plaintiffs argue that the trial court erred in not awarding payment of earned and accrued sick leave, together with associated penalty wages and attorney fees. They liken sick leave to annual leave and state that they earned and accrued leave for which they were entitled to be paid under La. R.S. 23:631 et seq.; and, therefore, LSU violated La. R.S. 23:631 et seq., by cancelling the leave and refusing payment.
LSU argues that sick leave is not the same as vacation pay under La. R.S. 23:631 et seq., or Civil Service Rules. It states that it did not pay Plaintiffs for any unused accrued sick leave because Civil Service Rules required that it cancel the sick leave. It contends that sick leave is not an amount due under the terms of employment and that Plaintiffs have no right of action to recover the value of the accrued unused sick leave.
In As discussed above, La. R.S. 23:631(A)(l)(a) requires that the employer pay the employee “the amount then due under the terms of employment.” In this case, the terms of Plaintiffs’ employment with LSU are set forth in the Civil Service Rules. Several of the Civil Service Rules specifically address sick leave, including Rules 11.13 and 11.14. Most significantly to this case, Rule 11.18 states in part that *985 “[w]hen an employee separates from the state classified service, ... all accrued sick leave except that which must be paid under Rule 11.10.1 shall be cancelled.”[2] Therefore, the trial court did not err in determining that Plaintiffs are not entitled to sick leave.
Accordingly, this assignment of error lacks merit.

Increased Award

In their second assignment of error, Plaintiffs argue, in the alternative, that, if the court on appeal determines that the terminal payment is gratuitous or for severance payment and not payment for the earned annual leave, then the award for payment of earned and accrued annual leave, together with the penalty and attorney fees, should be increased.
This court did not determine that the terminal payment is gratuitous or for severance payment. Upon termination of employment, LSU properly paid to Plaintiffs the amount then due under the terms of employment, i.e., the cash wages due and their accumulated annual leave, up to 300 hours.
Accordingly, this assignment of error lacks merit.
I ^CONCLUSION
For the foregoing reasons, we affirm the trial court’s denial of LSU’s exception of no cause of action. We also affirm the portion of the trial court’s judgment that determined that Plaintiffs are not entitled to payment for sick leave. We reverse the portions of the trial court’s judgment that determined that Plaintiffs were entitled to payment from LSU for the value of annual leave balances in excess of 300 hours, penalty wages and attorney fees. Costs are assessed to Plaintiffs.
AFFIRMED IN PART AND REVERSED IN PART.

. In Plaintiffs’ petition, they named LSUHSC-S as Defendant; but, in its answer, LSU stated that Plaintiffs erroneously named LSUHSC-S as Defendant.

. The circumstances contemplated in Civil Service Rule 11.10.1 do not apply to the case sub judice.