CORRECTED COPY

**JOHN A. ADEMA, RODI W. ADEMA, PATRICK M. ADEMA, BETH ADEMA CURY, PATRICIA TALLEY FEATHERSTONE, LAUREN TALLEY MILLS, ET AL.**

**VERSUS**

**SOUTHERN NATURAL GAS COMPANY, L.L.C., HIGH POINT GAS TRANSMISSION, LLC, AND HIGH POINT GAS GATHERING, L.L.C.**

\* NO. 2023-C-0052

\*

\* COURT OF APPEAL

\*

\* FOURTH CIRCUIT

\*

STATE OF LOUISIANA

\* \* \* \* \* \* \*

ON SUPERVISORY WRIT FROM THE
25TH JDC, PARISH OF PLAQUEMINES
NO. 66-691, DIVISION "B"
Honorable Michael D. Clement,
\* \* \* \* \* \*
**Judge Karen K. Herman**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge Karen K. Herman)

Gladstone N. Jones, III
Bernard E. Boudreaux, Jr.
Michael P. Arata
Kevin E. Huddell
John T. Arnold
Rosa A. Acheson
JONES SWANSON HUDDELL & DASCHBACH, LLC
601 Poydras St., Suite 2655
New Orleans, LA 70130

S. Jacob Braud
BALLAY, BRAUD & COLON, PLC
8114 Highway 23, Suite 101
Belle Chasse, Louisiana 70037

James R. Swanson
H.S. Bartlett III
Lance C. McCardle
E. Blair Schilling
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Ave., Suite 4600
New Orleans, LA 70170

CORRECTED COPY

J. Michael Veron
Turner D. Brumby
VERON, BICE, PALMER & WILSON, L.L.C.
721 Kirby Street
Lake Charles, Louisiana 70601


COUNSEL FOR PLAINTIFFS/RELATORS

Cheryl M. Kornick
Kelly B. Becker
Laura S. Brown
Cristian M. Soler
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139

Jamie D. Rhymes
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503

Richard D. McConnell, Jr.
KEAN MILLER, LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802

Michael R. Phillips
Claire E. Juneau
Rachel M. Scarafia
Jeffrey J. Gelpi
KEAN MILLER, LLP
909 Poydras Street, Suite 3600
New Orleans, LA 701112


COUNSEL FOR DEFENDANTS/RESPONDENTS


**WRIT GRANTED, JUDGMENT
REVERSED AND REMANDED
MAY 1, 2023**

This is an action by several owners of wetlands property in Plaquemines Parish asserting claims for breach of contract, tort, and violations of the Louisiana Unfair Trade Practices against three pipeline companies, Southern Natural Gas Company, L.L.C., High Point Gas Gathering, L.L.C., and High Point Gas Transmission, L.L.C. (hereinafter "pipeline companies"). Applicants-Plaintiffs now seek review of the trial court's December 22, 2022 judgment sustaining in part an exception of no cause of action. For the following reasons, we find that the trial court erred in partially granting the defendants' exception of no cause of action. We therefore reverse the December 22, 2022 judgment and remand the case to the trial court for further proceedings.

**Factual and Procedural Background**

This matter arises out of a dispute between members of two families who are owners of coastal wetland property in Plaquemines Parish, and three companies to which Plaintiffs' predecessors-in-interest had given rights of way permitting the companies to use the properties to install, maintain and dredge canals, and to maintain pipelines on those properties for the transportation of gas, oil or other

substances, and commodities. Those rights of way ("ROWs") had been granted beginning in 1952 with the final agreement taking place in 1970. Plaintiffs alleged in their Petition and First Amended Petition that the ROWs expressly limited the width of the canals, and that the failure to properly maintain the canals within those widths caused the erosion of the canal banks and the loss of Plaintiffs' land.

In response to the claims made by the Plaintiffs, the defendants filed exceptions contending that no matter whether asserted under contract or tort law, or pursuant to the Louisiana Unfair Trade Practices Act (LUTPA), Plaintiffs had no cause of action "to seek redress for the alleged failure of Defendants to prevent natural forces from affecting Plaintiffs' property or for the damage caused by natural forces." Further, defendants maintained that "even if Plaintiffs had a legal basis to seek redress for Defendants' alleged failure to prevent natural forces from affecting Plaintiffs' properly, any such claim prescribed decades ago."

In a judgment dated December 22, 2022, the trial court overruled the exception of prescription. As to the exception of no cause of action, the trial court overruled it "as to the tort claims based on the affirmative actions of defendants, breach of contract, and violations of the Louisiana Unfair Trade Practices Act;" sustained the exception "as to the tort claims based on the defendants' failure to prevent damage from natural forces;" and granted thirty (30) days to amend their petition to plead a cause of action. From this ruling, Plaintiffs seek relief.

**Standard of Review**

An appellate court reviews an exception of no cause of action *de novo*. *See Succession of Horrell*, 2021-0168, p. 7 (La. App. 4 Cir. 11/17/21), 331 So.3d 1072, 1079. When reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal should review the case *de novo* because the exception

raises a question of law and the "lower court's decision is based only on the sufficiency of the petition." *City of New Orleans v. Bd. of Comm'rs of Orleans Levee Dist.*, 1993-0690, p. 28 (La. 7/5/94), 640 So.2d 237, 253.

Partial exceptions of no cause of action are discouraged, as the Fourth Circuit recently pointed out in *Parker v. Paladin Contractors, LLC*, 2020-0492 (La. App. 4 Cir. 3/3/21), 314 So.3d 1128:

> As this court has observed, the jurisprudence of this state "has long disfavored the granting of partial exceptions of no cause of action." *Scott v. Zaheri*, 14-0726, p. 3 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 782-83 (*citing Everything on Wheels Subaru, Inc. v. Subaru S., Inc.,* 616 So.2d 1234, 1239 (La. 1993)). The reason for this disfavor is that granting a partial exception of no cause of action fosters multiple appeals, "which forces an appellate court to consider the merits of the action in a piecemeal fashion." *Zaheri*, 14-0726, p. 17, 157 So.3d at 789.

*Id.* at p. 7, 314 So.3d at 1134. The Fourth Circuit went on to discuss the Louisiana Supreme Court's guidance in considering partial exceptions of no cause of action:

> Given this disfavor, the Louisiana Supreme Court in the *Subaru* case formulated a framework designed to result in "only one appeal in most cases." *Subaru*, 616 So.2d at 1242; see also *First Nat. Bank of Jefferson Par. v. Lloyd's Underwriters*, 629 So.2d 507, 512 (La. App. 5th Cir. 1993) (observing that the *Subaru* framework "derives from the Court's concern for the uneconomical use of judicial time"). *Id.* at p. 7, 314 So.3d at 1134.

Summarized, the *Subaru* framework is as follows:

> [A] trial court, in considering an exception of no cause of action in multi-claim litigation in which the court might rule in favor of the exceptor on less than all claims or on the rights of less than all parties, must first determine whether **(1) the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence,** or (2) the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences. **If the former, the court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of**

3

**recovery.** If the latter, the court should maintain the exception in part ...

616 So.2d at 1242. Explaining the difference between these two categories, the Supreme Court in the *Subaru* case observed:

> **There is only one cause of action (although several demands or theories of recovery may be asserted thereon) when the operative facts of one transaction or occurrence give rise to the plaintiff's right to assert the action against the defendant.** However, there are separate and distinct causes of action when the operative facts of separate and distinct transactions or occurrences give rise to the plaintiff's right to assert various actions against the defendants.
> 616 So.2d at 1238-39.

*Id. at p. 8,* 314 So.3d at 1134-35 (Emphasis supplied).

In the instant case, a fair reading of the Petition and First Amended Petition yields the conclusion that the allegations contained therein land squarely in the first *Subaru* category in that they allege a single set of operative facts: that Plaintiffs are entitled to relief because of the Defendants' improper maintenance of the canals at their allowed widths whether under contract law, tort law or LUTPA.

For the foregoing reasons, we find that the trial court erred in partially granting the defendants' exception of no cause of action. Accordingly, we reverse the December 22, 2022 judgment and remand the case to the trial court for further proceedings.

**WRIT GRANTED, JUDGMENT
REVERSED AND REMANDED**