MARC E. JOHNSON, Judge.
|2The Plaintiff/Appellant, Frederick Gonzales, appeals a workers’ compensation judgment denying his motion for contempt and penalties and attorney’s fees and granting an exception of no cause of action filed by the Defendant/Appellee, Sundown Express. We affirm.
The Plaintiff was injured on March 16, 2004 while in the course and scope of his employment with the Defendant. He underwent treatment and cervical implant surgery at Omega Hospital at the end of June 2008. In July, the Louisiana Commerce and Trade Association Self-Insurers’ Fund (LCTA), the Defendant’s workers’ compensation insurer, paid $2,059.00 for the surgery, and provided an Explanation of Benefits to the hospital.
On August 8, 2008, the hospital sent a request to LCTA’s third-party administration, Risk Management Resources, Inc. (RMR) for further reimbursement to pay for the cervical implants used during the surgery.
bjOn August 14, 2008, the Plaintiff, the Defendant, and LCTA settled the workers’ compensation claim. In conformity with La. R.S. 23:1272, the parties submitted to the workers’ compensation judge a “Joint Petition for Approval of Workers’ Compensation Compromise Settlement.” The settlement terms included an agreement *868 by the Defendant to pay any subsequent medical costs related to the Plaintiffs cervical surgery, pursuant to the workers’ compensation fee schedule. The workers’ compensation judge approved the settlement. The settlement was approved on August 14, 2008.
On August 26, 2008, RMR forwarded to the hospital another Explanation of Benefits and requested further documentation regarding the implant to support the claim. Omega complied, but according to LCTA, the information was still incomplete and not in compliance with La. R.S. 23:1034.2.[1]
In October, the Plaintiffs counsel notified LCTA that Defendant refused to pay for the surgical expenses. After investigation, LCTA responded that the bills had been paid in accordance with the fee schedule in July of 2008. As to the implants, LCTA informed the Plaintiff that the hospital had not provided the invoice for the surgical metallic implants and explanation of medical benefits that LCTA required before paying the bill.
On November 11, 2008, the Plaintiff filed a Motion for Contempt/Motion for Penalties and Attorney’s Fees against the Defendant for failing to pay the claim timely in accordance with the settlement and compromise. On November 12, 2008, the Defendant paid the hospital bill for the implants.
|4In response to the Plaintiffs motion, the Defendant filed an exception of no cause of action, alleging that the Plaintiff has no personal obligation to pay the hospital bill even if the Defendant failed to pay under the fee schedule. On December 15, 2008, the workers’ compensation judge dismissed the Plaintiffs motion and granted the exception of no cause of action.
On appeal, the Plaintiff asserts that the trial judge erred in denying his motion and, granting the exception of no cause of action, and in failing to award penalties and attorney’s fees for the unjustified delay in paying the claim.
CAUSE OF ACTION
In Zurich American Ins. Co. v. Queen’s Machinery Co., Ltd, 08-546, p. 8-9 (La. App. 5 Cir. 1/27/09) 8 So.3d 91, 96, this Court stated
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 5, n. 3 (La.11/30/94), 646 So.2d 885, 888, n. 3. The function of the exception is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners, 93-0690, p. 1 (La.7/5/94), 640 So.2d 237, 241 (Citations omitted). In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the trial court’s decision is based only on the *869 sufficiency of the petition. City of New Orleans, 93-0690 at 28, 640 So.2d at 253 (Citations omitted). A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349 (Citation omitted).
| fiThe Plaintiff contends that R.S. 23:1201 provides a cause of action for this claim, regardless of whether he would be liable for the outstanding medical bills. He further asserts that he is entitled to penalties and attorneys’ fees under La. R.S. 23:1201 because the Defendant failed to provide any evidence that justified the delay in paying the outstanding medical bill.
A review of the record discloses that the compromise and settlement approved by the trial judge included a waiver of all future claims. In particular, the documents show that the Plaintiff waived his action for any penalties and attorney’s fee. The ORDER OF APPROVAL states that the Defendants
“shall forever be released and relived form any and all past, present or future liability of any nature or kind, whatsoever, for the claims of FREDERICK GONZALES and his counsel, for compensation, medical expenses, penalties and/or attorney’s fees of whatever kind or nature, or which may hereafter arise, growing out of any accident or injury occurring prior to the date of this agreement while he was in the employ of SUNDOWN EXPRESS, INC.” [Emphasis added.]
THE RECEIPT AND RELEASE document (the second paragraph) contains similar language, as does the affidavit filed by the Plaintiff in conjunction with the JOINT PETITION FOR APPROVAL OF WORKERS’ COMPENSATION COMPROMISE SETTLEMENT ... both of which were filed into the record on August 14, 2008.
We recognize that the purpose of imposition of penalties and attorney’s fees is to discourage indifference and undesirable conduct by employers and insurers. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 46; Redler v. Giorlando’s Restaurant Corp., 07-658, p. 7 (La.App. 5 Cir. 2/6/08), 979 So.2d 512, 516, writ denied, 08-0863, 983 So.2d 925 (La.6/6/08). However, the record is clear that the Plaintiff waived his right to assert a claim for penalties and attorneys fees of whatever nature. Thus, the trial judge did not err in granting the | (¡Defendant’s peremptory exception of no cause of action, albeit for reasons that we find no need to address in light of our conclusion.
Accordingly, the workers’ compensation judgment granting the Defendant’s peremptory exception of no cause of action is hereby affirmed.
AFFIRMED.

. La. R.S. 23:1034.2 regulates disputes between the health care provider and the employee, employer, or workers' compensation insurer.