|tAMY, Judge,
dissenting.
I respectfully dissent from the majority’s decision to reverse the trial court’s grant of the partial summary judgment. According to La.Code Civ.P. art. 1915, “[a] final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court ... [g]rants a motion for summary judgment, as provided by Articles 966 through 969.” This court has held that under Article 1915, a partial summary judgment is appropriate and authorized as long as it grants at least part of the relief prayed for. Ward v. Tenneco Oil Co., 564 So.2d 814 (La.App. 8 Cir.1990).
In the case sub judice, plaintiff asserted that defendant was liable for two distinct and separate claims, namely: (1) payment of day-work services and (2) damage to drill pipe. Although the trial court did not adjudicate the claim with respect to the damaged drill pipe, it did completely adjudicate the claim for daywork services. By awarding plaintiff the amount demanded for the daywork services, the trial court conclusively allowed part of the relief prayed for by Nabors. The partial 12summary judgment rendered by the trial court was therefore authorized by Article 1915.
In my view, the defendant’s reliance on Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993), is misplaced. Everything on Wheels dealt with a partial exception of no cause of action and should not be extended to apply to the partial summary judgment rendered in this case. To hold otherwise would render La.Code Civ.P. art. 1915(A)(3) meaningless.
Accordingly, I would affirm the trial court’s decision granting the partial summary judgment.