# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

KHOWLA JATALA

VERSUS

LOUISIANA BEHAVIOR ANALYST
BOARD

NO.  2020 CW 0295

**JUNE 11, 2020**

---

In Re:   The Louisiana Behavior Analyst Board, applying for
         supervisory writs, 19th Judicial District Court,
         Parish of East Baton Rouge, No. 682201.

---

BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WRIT DENIED.**  See **Expert Riser Solutions, LLC v. Techcrane International, LLC,** 2018-0612 (La. App. 1st Cir. 12/28/18), 270 So.3d 655, 663.

**PMc**
**JEW**

**Holdridge, J.,** dissents and would grant the writ.  I disagree with the denial of the exception of no cause of action and think the majority is in error in not allowing a partial exception of no cause of action in this case. It is true that, prior to 1997, the cases did not allow a judgment granting only a partial exception of no cause of action. See **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,** 616 So.2d 1234 (La. 1993). However, in 1997, the legislature authorized a partial judgment that "sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party." La. Code Civ. P. art. 1915(B)(1). "This amendment ... authorizes a judgment granting a partial exception of no cause of action; importantly, this amendment provides certainty as to the immediate appealability of such a judgment." Frank L. Maraist, Louisiana Civil Law Treatise; Civil Procedure, Vol. I, § 6.7, pp. 172-173 (2d ed. 2008). Legislation is a solemn expression of legislative will. La. Civ. Code art. 2. Accordingly, I respectfully dissent.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT