# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

DION ADAMS, INDIVIDUALLY, AND OBO HIS DECEASED MOTHER, FRANCIS MARINELLI

NO. 2022 CW 0425

VERSUS

CALAIS HOUSE, INC. & OUR LADY OF THE LAKE HOSPITAL, INC.

**AUGUST 4, 2022**

---

In Re: Dion Adams, individually and obo his deceased mother, Francis Marinelli, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 712839.

---

**BEFORE: THERIOT, HOLDRIDGE, CHUTZ, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.** The trial court's March 17, 2022 judgment granting the partial exception of no cause of action filed by defendants, Calais House, Inc. and Our Lady of the Lake Hospital, Inc., is reversed. The claims alleged in plaintiff's Petition for Wrongful Death and Survival Damages are based on the same transaction or occurrence. Therefore, the trial court erred by granting a partial exception of no cause of action as to the claims set forth in Paragraphs 13(e), (g), (h), and (i) of plaintiff's petition. See **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234 (La. 1993); **State, by and through Caldwell v. Astra Zeneca AB**, 2016-1073 (La. App. 1st Cir. 4/11/18), 249 So.3d 38, 42 (en banc), writs denied, 2018-0766, 2018-0758 (La. 9/21/18), 252 So.3d 899, 904. Accordingly, we deny defendants' partial exception of no cause of action.

**MRT**
**WRC**
**AHP**
**WIL**

**Holdridge, J.**, dissents and would deny the writ. I disagree that a partial exception of no cause of action cannot be granted. It is true that, prior to 1997, the cases did not allow a judgment granting only a partial exception of no cause of action. See **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1239 (La. 1993). However, in 1997, the legislature authorized a partial judgment that "sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party." La. Code Civ. P. art. 1915(B)(1). "This amendment ... authorizes a judgment granting a partial exception of no cause of action; importantly, this amendment provides certainty as to the immediate appealability of such a judgment." Frank L. Maraist, Louisiana Civil Law Treatise; Civil Procedure, Vol. I, § 6.7, pp. 172-173 (2d ed. 2008). Legislation is a solemn expression of legislative will. La. Civ. Code art. 2. In **Bergeron v. Richardson**, 2020-01409 (La. 6/30/221) 320 So.3d 1109, 1111-12, the Louisiana Supreme Court held that when a statute's language addresses an issue, a court should not resort to jurisprudence. In his concurrence, Chief Justice Weimer expressed his agreement

with the trial court's reliance on a statute instead of a prior supreme court opinion, and its observation that the case demonstrated the "beauty of living in a Civilian jurisdiction." Chief Justice Weimer noted that "[w]hile the decisions of this court are persuasive authority and generally should be followed in the lower courts to ensure consistency and stability, … in a civilian jurisdiction, legislation is the superior source of law." **Id.** at 1116 (Weimer, C.J., concurring). Accordingly, I respectfully dissent.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT