NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0732

DOROTHY JACKSON

VERSUS

THE BOARD OF SUPERVISORS FOR THE SOUTHERN UNIVERSITY
AND AGRICULTURAL AND MECHANICAL COLLEGE, JOHN K.
PIERRE, AND RAY L. BELTON

*DATE OF JUDGMENT:*      **MAR 0 5 2024**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 672690

HONORABLE KELLY E. BALFOUR, JUDGE

* * * * * *

William David Aaron, Jr.
DeWayne L. Williams
Anna Rainer
New Orleans, Louisiana

Dennis J. Phayer
Erika M. Cunningham
Mindy Nunez Duffourc
Jonathan H. Adams
Metairie, Louisiana

Kim Maria Boyle
Rebecca Sha
New Orleans, Louisiana

Renee G. Culotta
Benjamin M. Castoriano
New Orleans, Louisiana

Counsel for Plaintiff-Appellant
Dorothy Jackson

Counsel for Defendant-Appellee
Board of Supervisors for the
Southern University and Agricultural
and Mechanical College

Counsel for Defendant-Appellee
John K. Pierre

Counsel for Defendant-Appellee
Ray L. Belton

* * * * * *

BEFORE: CHUTZ, HESTER, AND MILLER, JJ.

Disposition: REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.

**CHUTZ, J.**

Plaintiff-appellant, Dorothy Jackson, a former contractual tenured law professor for Southern University and Agricultural and Mechanical College (Southern University) appeals the trial court's judgment, sustaining peremptory exceptions raising the objection of no cause of action asserted by defendants-appellees, the Board of Supervisors for the Southern University (the Board), John Pierre, the Chancellor of the Southern University Law Center (Law Center), and Dr. Ray L. Belton, the President of Southern University, and dismissing Professor Jackson's claims related to her termination. We reverse in part, affirm in part, and remand.

## BACKGROUND

Because the facts and procedural history have been fully developed in our earlier opinion, see *Jackson v. Bd. of Supervisors for S. Univ. and Agric. and Mech. Coll.*, 2021-0241 (La. App. 1st Cir. 3/11/22), 372 So.3d 336, we set forth only that which is necessary for our disposition in this appeal. In the prior appeal, this court affirmed the trial court's action of sustaining the exceptions of no cause of action but remanded to allow Professor Jackson to amend her petition. *Jackson*, 372 So.3d at 354.

On May 26, 2022, Professor Jackson filed a second amended petition, claiming entitlement to relief for breach of contract against the Board. She also averred that the Board, Chancellor Pierre, and Dr. Belton were liable for damages as a result of abuse of rights, conspiracy, and fraud. The Board, Chancellor Pierre, and Dr. Belton each filed exceptions again raising the objection of no cause of action.

A hearing was held on November 28, 2022, at the conclusion of which the trial court sustained the exceptions and dismissed all of Professor Jackson's claims

2

against all defendants. A request by Professor Jackson for another opportunity to amend her petition was denied. A judgment in conformity with the trial court's ruling was signed on March 9, 2023. Professor Jackson appeals.

## DISCUSSION

*Breach of Contract*

To cure the deficiencies in her petition, our earlier disposition cited *Levitt v. University of Texas at El Paso*, 759 F. 2d 1224, 1230 (5th Cir. 1985), and noted that Professor Jackson had correctly observed that a university's failure to comply with its own rules may constitute a breach of contract. Although she argued that her employment contract was subject to the terms of the university's personnel policy and the Board violated those policies in connection with her termination, thereby breaching the contract with Professor Jackson relative to her tenured employment, we concluded that Professor Jackson's petitions did not contain such allegations. Therefore, we remanded to allow an amendment. *Jackson*, 372 So.3d at 350.

Professor Jackson's second amended petition states the following relevant averments relative to her attempt to state a cause of action in breach of contract against the Board.

**10.**

Professor Jackson formally entered into a faculty contract/agreement with the Board and/or the Law Center, under the direction and control of the Board, on June 24, 2016 for a continuous five-year period that would automatically renew every five years without the need for action on her part, unless terminated earlier for cause, by resignation, or by retirement....

**12.**

The Board had an agreement with all contractual/tenured employees, including Professor Jackson, that under the terms of their employment any and all adverse employment actions would be governed by policies and procedures developed by the Board.

3

**13.**

On February 17, 2017, ... the Board ... revised the Southern University System Policy and Procedures to formulate a policy relative to the delegation of authority to execute personnel actions [(the SUS Personnel Policy)]....

**17.**

The Board further developed Faculty Personnel Policies and Procedures ... which were also intended to ensure that all tenured employees received equal and just due process with complete impartiality in connection with adverse employment actions....

**25.**

The Board further developed Full Time Faculty and Adjunct Faculty Handbook of Policies and Procedures for the [Law Center] ..., which were also intended to ensure that all tenured and/or contractual employees received equal and just due process with complete impartiality in connection with adverse employment actions....

**58.**

... [Chancellor] Pierre retaliatorily discharged Professor Jackson from her teaching position/duties in breach/violation [of] Professor Jackson's contract/agreement with the Board via the aforementioned policies and procedures, as well as other policies.

**59.**

In violation of Professor Jackson's contract/agreement with the Board, via the aforementioned policies and other policies ... neither [Dr.] Belton nor the Board overturned [Chancellor] Pierre's intentional retaliatory discharge of Professor Jackson from her teaching duties....

**80.**

... [T]he Board ... breached its contract/agreement with Professor Jackson as set forth herein ....

Accepting these allegations as true, as we must, see *Jackson*, 372 So.3d at 347, we conclude that Professor Jackson has stated a cause of action against the Board for breach of contract. Specifically, she has averred that she had an agreement with the Board that under the terms of her employment any adverse employment actions would be governed by policies and procedures developed by

the Board.[1] Her allegations also suggest that the SUS Personnel Policy, Faculty Personnel Policies and Procedures, and Full Time Faculty and Adjunct Faculty Handbook of Policies and Procedures for the Law Center are applicable to her tenured employment contract with the Board. Professor Jackson additionally claimed that the Board breached her employment agreement when it discharged her without an application of the university's policies and procedures.

In reaching our disposition, we note that we have neither a copy of the employment contract nor all of Southern University's personnel policies. And we are mindful of the jurisprudence cited by the Board, which concluded that faculty and other organizational disciplinary and grievance protocols do not constitute a contract. See e.g., *Stanton v. Tulane Univ. of Louisiana*, 2000-0403 (La. App. 4th Cir. 1/10/01), 777 So.2d 1242, 1250, writ denied, 2001-0391 (La. 4/12/01), 789 So.2d 597. See also *Amer v. Roberts*, 2015-0599 (La. App. 1st Cir. 11/9/15), 184 So.3d 123, 132-33 (where the employment contract does not refer to or otherwise incorporate the relied-upon language of a policy manual as a qualification of the parties' mutual right to terminate an agreement, the contract rather than the policy manual is the law between the parties). To the extent Professor Jackson cannot satisfy the legal requirements for incorporating personnel policies into her employment contract, the peremptory exception of no cause of action is not the proper procedural vehicle to dispose of the claim. Accordingly, we conclude that the trial court erred in its dismissal of Professor Jackson's claims for breach of contract against the Board.

---

[1] Professor Jackson avers that the Board failed to provide its approval before she was terminated as required under the SUS Personnel Policy. She alleges she was not to be suspended absent consultation with a faculty grievance committee which was to determine whether adequate cause for termination existed pursuant to the Faculty Personnel Policies and Procedures. Professor Jackson also claims that pursuant to the Full Time Faculty and Adjunct Faculty Handbook of Policies and Procedures for the Law Center, if the Law Center Chancellor disagreed with an investigatory panel committee's decision, he was without authority to override the committee's decision; and that appeals to the Board were available only for a termination recommendation by the committee.

5

*Abuse of Rights, Fraud, and Conspiracy*

Initially, we note that because Professor Jackson's petition avers a breach of contract claim against the Board for failing to apply its policies and procedures as required under her contract, it is inappropriate to dismiss her claims for relief under theories of abuse of rights, fraud, and conspiracy arising out of the alleged breach of contract. See *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1239 (La. 1993). ("If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery.") Accordingly, we limit our review to Professor Jackson's claims against Chancellor Pierre and Dr. Belton in their individual capacities.

In remanding to allow Professor Jackson to amend her claims against Chancellor Pierre and Dr. Belton, citing *Sartisky v. Louisiana Endowment for the Humanities*, No. 14-1125, 2014 WL 5040817, at *4 (E.D. La. Sept. 26, 2014), this court concluded that a cause of action for abuse of rights may exist in connection with an employee's termination in violation of moral rules, good faith, or elementary fairness. *Jackson*, 372 So.3d at 352.

In her second amended petition, Professor Jackson stated the following:

**82.**

This [abuse of rights] claim is authorized and instituted pursuant to the provisions of Louisiana Civil Code Article 2315. [Citations omitted.]

**83.**

The Board and/or [Chancellor] Pierre and/or [Dr.] Belton performed an investigation and knew that the allegations of undue influence against Professor Jackson were fraudulent and untrue.

6

**84.**

The Board and/or [Chancellor] Pierre and/or [Dr.] Belton entered into a conspiracy to fraudulently cause the unlawful termination and loss of Professor Jackson's property interest in her tenured professorship, and to demonize her in the public eye, subjecting her knowingly [to] false and misleading accusations, and dangerous threat[s.]

**85.**

The Board and/or [Chancellor] Pierre and/or [Dr.] Belton created a sham investigatory ... committee hearing, a sham appeal, and sham Board rules and procedures for the sole purpose of fraudulently making Professor Jackson and outside parties believe she was receiving due process and a fair appeal and avoiding a claim for violation of Professor Jackson's due process rights, and in furtherance of the [c]onspiracy.

**86.**

The contract/agreement between Professor Jackson and the Board created non-discretionary, compulsory actions, that had to be taken by [Chancellor] Pierre, [Dr.] Belton, and/or the Board in connection with any termination of her contract/tenured employment.

**87.**

The actions of the Board, [Chancellor] Pierre, and [Dr.] Belton were done with the intention to violate the compulsory actions that had to be taken, and to fraudulently cause the unlawful termination and loss of Professor Jackson's property interest in her tenured professorship, and to demonize her in the public eye, subjecting her knowingly [to] false and misleading accusations, and dangerous threats, in furtherance of the [c]onspiracy.

**88.**

The Board, [Chancellor] Pierre, and [Dr.] Belton specifically, willfully, and with malice aforethought, retaliated against Professor Jackson as a result of her refusal to participate in [Chancellor] Pierre['s] and/or the Board's attempt to violate [the] Louisiana Public Records Law in connection with the media's public record request as to the investigation into Professor Jackson.

In our earlier opinion, we noted Professor Jackson had argued, but not pled, that Chancellor Pierre and Dr. Belton knew or should have known the allegations made against her were false, but they did not care, as their motivation in terminating her was to put the blame on her and get the matter out of the media

7

spotlight. See *Jackson*, 372 So.3d at 351. Her amended allegations include that Chancellor Pierre and Dr. Belton performed an investigation and "knew that the allegations of undue influence against Professor Jackson were fraudulent and untrue." On appeal, she maintains that this was sufficient to state a cause of action of abuse of rights.

In her second amended petition, Professor Jackson set forth that Chancellor Pierre advised the charges against her were: "(1) She engaged in conduct seriously prejudicial to the [Law Center] and the Southern University System; (2) She engaged in unethical and/or immoral behavior; (3) She failed to perform duties in a professional manner." Professor Jackson fails to elaborate any details as to the manner by which Chancellor Pierre and Dr. Belton became aware such that they "knew" the allegations of undue influence were fraudulent and untrue. Importantly, by her own pleading, she established that Chancellor Pierre's and Dr. Belton's concerns were not simply about an alleged "undue influence" but more broadly about the prejudicial, unethical/immoral, and unprofessional conduct in which she had engaged irrespective of allegations of undue influence.

Professor Jackson has averred that her contract/agreement with the Board "created non-discretionary, compulsory actions, that had to be taken ... in connection with any termination of her contract/tenured employment" which, if true, could support an evidentiary showing that her termination by the Board violated moral rules, good faith, or elementary fairness so as to set forth an abuse of rights claim. But while Professor Jackson has made allegations that she had a contractual right to a particular process for termination from the Board, she has not averred the existence of a similar contractual relationship with either Chancellor Pierre or Dr. Belton in their respective individual capacities.

8

The abuse of rights doctrine applies to a defendant's exercise of his "otherwise judicially protected rights." See *Truschinger v. Pak*, 513 So.2d 1151, 1154 (La. 1987). Our review of her petition establishes that Professor Jackson has failed to set forth any allegations suggesting Chancellor Pierre and Dr. Belton exercised their rights in an abusive manner and to Professor Jackson's detriment. The allegations levied against Chancellor Pierre and Dr. Belton relate to actions undertaken within the parameters of their employment with the Southern University System. See *Mills v. Tarver*, 2021-0666 (La. App. 1st Cir. 12/30/21), 340 So.3d 959, 970.

Insofar as her allegations of conspiracy, and consistent with this court's earlier opinion, Professor Jackson has acknowledged that an independent cause of action for civil conspiracy does not exist in Louisiana, but that the actionable element of La. C.C. art. 2324 is the intentional tort that the conspirators agreed to commit and committed, in whole or in part, causing plaintiff's injury. *Jackson*, 372 So.3d at 352 (citing *Hardy v. Easterling*, 47,950 (La. App. 2d Cir. 4/10/13), 113 So. 3d 1178, 1184). This court had already determined Professor Jackson's petition and amended petition failed to state a valid cause of action for a violation of constitutional due process. Therefore, we concluded her allegations that the defendants had taken certain actions "in furtherance of the [c]onspiracy to violate [her] constitutionally protected due process rights" were insufficient to state a valid cause of action for conspiracy. *Jackson*, 372 So.3d at 352.

In this post-remand appeal, Professor Jackson maintains the allegations of her petition establish that the intentional tort Chancellor Pierre and Dr. Belton conspired against her to commit was fraud. The allegations of her second amended petition state the following:

9

## 90.

This [fraud] claim is authorized and instituted pursuant to the provisions of Louisiana Civil Code Articles 1953, 2315, and 2324.

## 91.

The Board and/or [Chancellor] Pierre and/or [Dr.] Belton entered into a conspiracy to fraudulently cause the unlawful termination and loss of Professor Jackson's property interest in her tenured professorship, and to demonize her in the public eye, subjecting her knowingly [to] false and misleading accusations, and dangerous threats.

## 92.

The Board and/or [Chancellor] Pierre and/or [Dr.] Belton created a sham investigatory ... committee hearing, a sham appeal, and sham Board rules and procedures for the sole purpose of fraudulently making Professor Jackson and outside parties believe she was receiving due process and a fair appeal and avoiding a claim for Professor Jackson's due process rights, and in furtherance of the [c]onspiracy.

In pleading fraud, the circumstances constituting fraud shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally. La. C.C.P. art. 856. Professor Jackson has offered nothing to establish with particularity the circumstances constituting the alleged fraud and has simply reiterated the same underlying complaint of a failure to receive constitutional due process.

A careful reading of Professor Jackson's allegations for both abuse of rights and conspiracy show they are inextricably bound to the claim of violations of her constitutional due process rights. This court has already dismissed her claim of a violation of state constitutional due process. *Jackson*, 372 So. 3d at 349. Because the second amended petition lacks allegations to support an independent claim of abuse of rights and she has failed to plead fraud with particularity so as to establish an underlying intentional tort for her claim of conspiracy, the trial court correctly

sustained the exceptions of no cause of action asserted by Chancellor Pierre and Dr. Belton on these bases.[2]

### Amendment of Pleading

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934.

Although Article 934 generally requires that a plaintiff be allowed to amend her petition if the general grounds for the exception may be cured by an amendment, it does not require that she be allowed an opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. *Robinson v. Allstate Ins. Co.*, 53,940 (La. App. 2d Cir. 5/26/21), 322 So.3d 381, 388, writ denied, 2021-00906 (La. 10/19/21), 326 So.3d 264. Accord *Rombach v. State ex rel. Div. of Admin.*, 2015-0619 (La. App. 1st Cir. 12/23/15), 2015 WL 9464500, at *7. The trial court's decision to allow an amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. *Robinson*, 322 So.3d at 388.

Professor Jackson filed an original petition, a petition in federal court which was dismissed, an amended petition, and pursuant to our remand instructions a second amended petition. The amendments to her petition have fulfilled the requirements of Article 934. Accordingly, we cannot say the trial court abused its

---

[2] Because Professor Jackson has failed to plead abuse of rights or conspiracy causes of action against Chancellor Pierre and Dr. Belton, i.e., acts or omissions not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists or which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct, we find it unnecessary to ascertain whether these defendants are entitled to discretionary immunity under La. R.S. 9:2798.1 and pretermit such a discussion.

11

discretion in declining to allow Professor Jackson another opportunity to speculate on unwarranted facts in an attempt to support claims of abuse of rights and conspiracy based on fraud or any other intentional tort against Chancellor Pierre and Dr. Belton.

## DECREE

For these reasons, that portion of the trial court's judgment, which sustained the peremptory exception of no cause of action and dismissed Professor Jackson's claims against the Board, is reversed. Those portions of the trial court's judgment, which sustained the exceptions of no cause of action and dismissed Professor Jackson's claims against Chancellor John Pierre and Dr. Ray L. Belton in their individual capacities, without granting her leave to amend, is affirmed. Appeal costs in the amount of $2,930.00 are assessed one-half to Dorothy Jackson and one-half to the Board of Supervisors for the Southern University. The matter is remanded.

**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.**