THE DEPARTMENT OF WILDLIFE AND
FISHERIES, ET AL.

VERSUS

BP OIL PIPELINE COMPANY, ET AL.

NO. 24-C-247

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 848-368, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

November 20, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT DENIED IN PART; GRANTED IN PART; REMANDED WITH**
**INSTRUCTIONS**
 **JGG**
 **SMC**
 **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
THE LOUISIANA DEPARTMENT OF WILDLIFE AND FISHERIES, ON ITS
OWN BEHALF AND ON BEHALF OF THE STATE OF LOUISIANA AS
PUBLIC TRUSTEE AND ON BEHALF OF THE LOUISIANA WILDLIFE AND
FISHERIES COMMISSION (THE DEPARTMENT)

     Antonio M. Clayton

     D'Ann R. Penner

     Ulysses Gene Thibodeaux

     Gladstone N. Jones, III

     Michael P. Arata

     John T. Arnold

     Kevin E. Huddell

     Bernard E. Boudreaux, Jr.

     James R. Swanson

     E. Blair Schilling

     Harvey S. Bartlett, III

     Lance C. McCardle

     Isabel Englehart

     T. Taylor Townsend


COUNSEL FOR DEFENDANT/RESPONDENT,
ARROWHEAD GULF COAST PIPELINE, LLC

     Craig Isenberg

     Kyle W. Siegel

     Alexandra L. Gjertson


COUNSEL FOR DEFENDANT/RESPONDENT,
BP OIL PIPELINE COMPANY

     Kelly B. Becker

     Laura S. Brown

     Mark R. Deethardt

     George I. Arceneaux, III

     Court C. VanTassel

     John S. Troutman

     William J. Heaton

     Randee V. Iles

     Denice Redd-Robinette


COUNSEL FOR DEFENDANT/RESPONDENT,
CHEVRON PIPE LINE COMPANY

     Michael R. Phillips

     Claire E. Juneau

     Anne C. Lemelin

     Vicki  A. Elmer

     Charles S. McCowan, III

     Pamela R. Mascari

     Eric J. Mayer

Alexandra White
Laranda M. Walker
Hayden Q. Hawkins
Brandon Bias
Johnny W. Carter


COUNSEL FOR DEFENDANT/RESPONDENT,
PLAINS PIPELINE, LP
Carl D. Rosenblum
Alida C. Hainkel
Lauren C. Mastio
Michael A. Chernekoff

**GRAVOIS, J.**

The Louisiana Department of Wildlife and Fisheries ("LDWF"), suing on its own behalf and on behalf of the Louisiana Wildlife and Fisheries Commission and the State of Louisiana as public trustee of the Elmer's Island Wildlife Refuge (referred to herein collectively as "plaintiffs" or "relators"), seek this Court's supervisory review of the trial court's May 2, 2024 judgment which granted defendants' partial exception of no cause of action relative to relators' claims that defendants violated the Louisiana Unfair Trade Practices Act. For the following reasons, on the showing made, we find no error in the trial court's judgment granting the partial exception of no cause of action, and the writ application is denied in part in this regard. However, we find that plaintiffs should be allowed time to further amend their petition, if they are able to do so, as required by La. C.C.P. art. 934. We therefore grant the writ application in part and order the trial court to allow plaintiffs time for reasonable discovery, if appropriate, and time to further amend their petition to allege facts to remove the objection asserted in the partial exception of no cause of action, if they are able to do so.

## FACTS AND PROCEDURAL BACKGROUND

As alleged in plaintiffs' petition and amended petition, the LDWF oversees conservation and management of over 800,000 acres of public lands in the State's coastal zone, which provide quality habitats for fish and game, and offer opportunities for public use and enjoyment. Defendants/respondents are oil and gas pipeline companies and/or their successors in interest who, according to the petition and amended petition, entered into rights-of-way agreements (ROWs) with previous owners of the Elmer's Island Wildlife Refuge, a wetlands area in lower Jefferson Parish, in the 1950s and 1960s to build buried oil and gas pipelines and

the access canals over the pipelines.[1]  Relators allege in this suit that defendants breached the ROWs in multiple ways, in particular that they knew that without protective safeguards and regular maintenance, the canals would widen and severe loss of land would result.  Instead of implementing regular maintenance of the canals, the defendant pipeline companies allegedly undertook no significant measures to prevent or lessen the resulting loss of surrounding lands.  By failing to institute regular maintenance, the petitions allege the pipeline companies' wrongful conduct has led to the erosion and subsidence of land, causing major land loss, financial losses, and losses of economic opportunities to relators.  In addition to the breach of contract claims, relators allege (specifically in paragraph 127 of the amended petition) that defendants' actions were also "immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff," allegedly constituting violations of the Louisiana Unfair Trade Practice Act ("LUTPA"), La. R.S. 51:1401, *et seq.*, thereby entitling plaintiffs to all actual damages, as well as attorneys' fees and costs.  (*See* paragraphs 125-129 of the amended petition.)

Defendants filed partial exceptions of no cause of action as to the LUTPA claims, arguing that as a matter of law, a LUTPA remedy is not available under the facts alleged because when the same operative facts constitute the breach of contract claims and the LUTPA claims, the law does not recognize the LUTPA claims.  They also argued the factual allegations do not fit under LUTPA's narrowly defined prohibited behaviors.  After considering the exceptions and oppositions thereto at a hearing, the trial court granted the partial exception of no cause of action, dismissing relators' LUTPA claims against defendants, but leaving intact the breach of contract claims.

---

[1] Defendants/respondents are BP Oil Pipeline Company, Chevron Pipe Line Company, Arrowhead Gulf Coast Pipeline, LLC, and Plains Pipeline, LP.

Relators pose two questions in their assignments of error. The first question is whether a court may grant a partial exception of no cause of action to dismiss one claim that arises out of the same operative facts as other, non-dismissed claims. Relators argue that the trial court was without authority to dismiss the LUTPA claims in a partial exception of no cause of action, citing *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234 (La. 1993).

The second question is whether defendants' allegedly improper maintenance of plugs and bulkheads and of canal widths, and alleged knowledge that damages are likely to be caused by improper maintenance, was sufficiently pleaded such that defendants' conduct constitutes a LUTPA violation. Relators argue that their petitions' allegations were sufficient in this regard.

## ANALYSIS

## FIRST ASSIGNMENT OF ERROR

### *Partial Exception of No Cause of Action*

In their first assignment of error, relators argue that the trial court erred in dismissing their LUTPA claims via a partial exception of no cause of action.

In their writ application, relators cite a line of cases stemming from *Everything on Wheels Subaru*, *supra*, arguing that under Louisiana law, a partial exception of no cause of action may not be utilized to dismiss one claim that arises out of the same operative facts as other, non-dismissed claims. Respondents counter that the cases cited by relators, most of which are from the Fourth Circuit, do not consider that after *Everything on Wheels Subaru* was handed down, the legislature amended La. C.C.P. art. 1915 in 1997 to allow the assertion of partial exceptions and provide for their appealability.[2]

---

[2] *See* 1997 La. Acts No. 483.

In reviewing a trial court's ruling on a peremptory exception of no cause of action, appellate courts conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. *NOLA 180 v. Treasure Chest Casino, LLC*, 11-853 (La. App. 5 Cir. 3/27/12), 91 So.3d 446, 449, *writ denied*, 12-0949 (La. 6/15/12), 90 So.3d 1066 (internal citations omitted). The purpose of the exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Id*. Cause of action, as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. *Id*.

In *Palowsky v. Campbell*, 21-358 (La. App. 5 Cir. 3/30/22), 337 So.3d 567, 573, this Court held:

> Partial exceptions of no cause of action that dismiss one or more but less than all of the actions, claims, demands, issues, or theories against a party are expressly authorized in the Louisiana Code of Civil Procedure. *See* La. C.C.P. arts. 1915(B)(1) and 934. As noted in the Official Comments to Article 934, the Code of Civil Procedure was amended in 2003 "to clarify that pursuant to Article 1915(B) the trial court can now render a partial judgment sustaining an exception in part as to one or more but less than all of the actions, claims, demands, issues, or theories in the case." Prior to these amendments, Louisiana courts had developed a general rule that if a petition stated a cause of action as to any ground or portion of the demand, the exception of no cause of action should generally be overruled.

This Court in *Palowsky* nonetheless noted that *Subaru* still provided a useful framework for evaluating the analysis of a partial exception of no cause of action in a multi-claim litigation. In *Subaru*, the court explained:

> … [A] trial court, in considering an exception of no cause of action in multi-claim litigation in which the court might rule in favor of the exceptor on less than all claims or on the rights of less than all parties, must first determine whether (1) the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence, or (2) the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences. If the former, the court should overrule the exception of no cause of action when the

petition states a cause of action as to any demand or theory of recovery. If the latter, the court should maintain the exception in part, ... .

616 So.2d at 1242. (Footnote omitted.) Explaining the difference between these two categories, the court in *Subaru* observed:

> … There is only *one* cause of action (although several demands or theories of recovery may be asserted thereon) when the operative facts of one transaction or occurrence give rise to the plaintiff's right to assert the action against the defendant. However, there are separate and distinct causes of action when the operative facts of separate and distinct transactions or occurrences give rise to the plaintiff's right to assert various actions against the defendants.

616 So.2d at 1238-39. (Emphasis in original.)

As discussed further below, plaintiffs' LUTPA allegations were based upon the "latter" situation, because plaintiffs added the additional allegations in paragraphs 126-128 of their amended petition to support their LUTPA claims. Accordingly, defendants' assertion of a partial exception of no cause of action regarding the LUTPA claims was appropriate as a matter of law, and thus, the trial court's grant of the partial exception was not procedurally erroneous.

### SECOND ASSIGNMENT OF ERROR

#### *LUTPA Claims*

Defendants argued, in their partial exception, that relators failed to allege in their petitions that defendants engaged in "any conduct that rises to the level of the egregious, fraudulent, deceptive, or misleading acts" that are prohibited under LUTPA.

A LUTPA cause of action is based on La. R.S. 51:1405(A), which states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

Traditionally, Louisiana courts have limited causes of action under LUTPA to consumers and business competitors. *NOLA 180 v. Treasure Chest Casino, LLC*, 11-853 (La. App. 5 Cir. 3/27/12), 91 So.3d 446, 449, *writ denied*, 12-0949

24-C-247                                     5

(La. 6/15/12), 90 So.3d 1066. However, the Louisiana Supreme Court expanded LUTPA to grant a right of action to "any person, natural or juridical, who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id*. at 450, citing *Cheramie Serv., Inc. v. Shell Deepwater Prod., Inc.*, 09-1633 (La. 4/23/10), 35 So.3d 1053, 1057. To sustain a cause of action under LUTPA, the *Cheramie* court promulgated a two-prong test: 1) the person must suffer an ascertainable loss; and 2) the loss must result from another's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. *Id.* The terms "trade" or "commerce" are defined by La. R.S. 51:1402(10)(a) as "the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state."

The range of prohibited practices under LUTPA is extremely narrow. *Cheramie Services, Inc. v. Shell Deepwater Prod., Inc*., 35 So.3d at 1060. The statute does not provide an alternate remedy for simple breaches of contract. There is a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes. *Id*., citing *Turner v. Purina Mills, Inc*., 989 F.2d 1419, 1422 (5th Cir. 1993). *See also Law Industries, LLC v. Department of Education*, 23-00794 (La. 1/26/24), 378 So.3d 3, 7-8.

Plaintiffs' petition and amended petition assert, in over one hundred numbered paragraphs, specific facts and conduct they allege constituted breaches of the ROWs (breaches of contract) by defendants and/or their predecessors, *i.e.*, defendants' "failure to take appropriate actions to properly maintain the canal widths, to properly construct and maintain the required bulkheads and plugs, and to properly prevent erosion of the Wildlife Refuge, … ." In order to assert a cause of

action for LUTPA claims, plaintiffs must have alleged additional facts (conduct) that specifically bring defendants' actions within the egregious behaviors proscribed by LUTPA.  In paragraph 127 of the amended petition, plaintiffs describe the previously alleged breach of contract conduct as "immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff," and in paragraph 126, assert that the conduct which forms the basis for the previously alleged breach of contract claims, but newly described by the adjectives in paragraph 127, constitutes LUTPA violations.

The addition of the adjectives in paragraph 127 ("immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff") are not well-pleaded facts, but rather are conclusions. *See Palowsky v. Campbell*, 337 So.3d at 578.  Relators' addition of the adjectives to provide conclusory description to the previously made factual allegations of breach of contract do not bring the complained of conduct within the narrow range of conduct prohibited by LUTPA. The petition does not, therefore, allege additional though overlapping conduct in addition to the breach of conduct claims.  The LUPTA claims rest on the same exact conduct as the breach of contract claims, with the addition of conclusory adjectives, rather than additional facts to describe that conduct.  Thus, we find no error in the trial court's judgment granting defendants' partial exception of no cause of action regarding plaintiffs' LUTPA claims, and deny the writ application in part in this regard.

However, we find that the trial court abused its discretion in not allowing plaintiffs time to further amend their petition to attempt to cure the grounds for the objection, as required by La. C.C.P. art. 934, which provides, in pertinent part: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. …"  Therefore, we

grant the writ application in part and order the trial court to allow plaintiffs time for reasonable discovery, if appropriate, and time to further amend their petition to allege facts to remove the objection asserted in the partial exception of no cause of action, if they are able to do so.

24-C-247

## **DECREE**

For the foregoing reasons, on the showing made, this writ application is denied in part and granted in part. The matter is remanded with instructions as set forth above.

### **WRIT DENIED IN PART; GRANTED IN PART; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 20, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-247**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)

HARVEY S. BARTLETT, III (RELATOR)
ALEXANDRA L. GJERTSON (RESPONDENT)
MARK R. DEETHARDT (RESPONDENT)

KEVIN E. HUDDELL (RELATOR)
GEORGE I. ARCENEAUX, III (RESPONDENT)
MICHAEL R. PHILLIPS (RESPONDENT)

LANCE C. MCCARDLE (RELATOR)
KELLY B. BECKER (RESPONDENT)
LAUREN C. MASTIO (RESPONDENT)

### MAILED

BRANDON BIAS (RESPONDENT)
1000 LOUISIANA STREET
SUITE 5100
HOUSTON, TX 77002

ALIDA C. HAINKEL (RESPONDENT)
CARL D. ROSENBLUM (RESPONDENT)
ATTORNEYS AT LAW
201 SAINT CHARLES AVE
49TH FLOOR
NEW ORLEANS, LA 70170

T. TAYLOR TOWNSEND (RELATOR)
ATTORNEY AT LAW
320 SAINT DENIS STREET
NATCHITOCHES, LA 70458

DENICE REDD-ROBINETTE (RESPONDENT)
ATTORNEY AT LAW
450 LAUREL STREET
SUITE 1601
BATON ROUGE, LA 70801

CRAIG ISENBERG (RESPONDENT)
KYLE W. SIEGEL (RESPONDENT)
ATTORNEY AT LAW
909 POYDRAS STREET
SUITE 2350
NEW ORLEANS, LA 70112

CHARLES S. MCCOWAN, III (RESPONDENT)
PAMELA R. MASCARI (RESPONDENT)
ATTORNEYS AT LAW
POST OFFICE BOX 3513
BATON ROUGE, LA 70821

RANDEE V. ILES (RESPONDENT)
ATTORNEY AT LAW
1200 CAMELLIA BOUELVARD
SUITE 300
LAFAYETTE, LA 70508

E. BLAIR SCHILLING (RELATOR)
ISABEL ENGLEHART (RELATOR)
JAMES R. SWANSON (RELATOR)
ATTORNEYS AT LAW
201 ST. CHARLES AVENUE
SUITE 4600
NEW ORLEANS, LA 70170

ANTONIO M. CLAYTON (RELATOR)
ULYSSES GENE THIBODEAUX (RELATOR)
ATTORNEYS AT LAW
3741 LA HIGHWAY 1 SOUTH
PORT ALLEN, LA 70767

GLADSTONE N. JONES, III (RELATOR)
JOHN T. ARNOLD (RELATOR)
MICHAEL P. ARATA (RELATOR)
ATTORNEYS AT LAW
601 POYDRAS STREET
SUITE 2655
NEW ORLEANS, LA 70130

ALEXANDRA WHITE (RESPONDENT)
ERIC J. MAYER (RESPONDENT)
HAYDEN Q. HAWKINS (RESPONDENT)
JOHNNY W. CARTER (RESPONDENT)
LARANDA M. WALKER (RESPONDENT)
ATTORNEYS AT LAW
SUSMAN GODFREY LLP
1000 LOUISIANA STREET
SUITE 5100
HOUSTON, TX 77002

COURT C. VANTASSEL (RESPONDENT)
JOHN S. TROUTMAN (RESPONDENT)
WILLIAM J. HEATON (RESPONDENT)
ATTORNEYS AT LAW
1200 CAMELLIA BOULEVARD
SUITE 300
LAFAYETTE, LA 70508

BERNARD E. BOUDREAUX, JR. (RELATOR)
ATTORNEY AT LAW
301 MAIN STREET
SUITE 1920
BATON ROUGE, LA 70801

D'ANN R. PENNER (RELATOR)
ATTORNEY AT LAW
3741 LA. HIGHWAY 1 SOUTH
PORT ALLEN, LA 70767

LAURA S. BROWN (RESPONDENT)
ATTORNEY AT LAW
701 POYDRAS STREET
SUITE 5000
NEW ORLEANS, LA 70139

MICHAEL A. CHERNEKOFF (RESPONDENT)
ATTORNEY AT LAW
JONES WALKER LLP
811 MAIN STREET
SUITE 2900
HOUSTON, TX 77002

ANNE C. LEMELIN (RESPONDENT)
CLAIRE E. JUNEAU (RESPONDENT)
VICKI A. ELMER (RESPONDENT)
ATTORNEYS AT LAW
909 POYDRAS STREET
SUITE 3600
NEW ORLEANS, LA 70112