Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,139-CA
No. 56,140-CA

(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 56,139-CA

SUCCESSION OF JOSEPH
H. MILLER, JR.

No. 56,140-CA

SUCCESSION OF
JOSEPH HERMAN
MILLER, JR.

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court Nos. 2015-3872 and 2024-2434

Honorable Wilson Rambo, Judge

* * * * *

DIANNE HILL

Counsel for Appellant,
Darryl Michael Miller

CUMMINS AND FITTS, LLC
By: Jessica L. Fitts

Counsel for Appellee,
Cleo Miller

THE JONES LAW GROUP, LLC
By: Charles D. Jones

* * * * *

Before PITMAN, THOMPSON, and MARCOTTE, JJ.

**PITMAN, C. J.**

Appellant Darryl Miller, a disinherited heir, appeals a judgment sustaining a peremptory exception of no cause of action which was filed in response to his petition to annul the Succession of Joseph H. Miller, Jr. For the following reasons, we affirm the judgment of the trial court.

## FACTS

Joseph H. Miller, Jr. died testate in Ouachita Parish on December 14, 2015. Miller was married twice and had a child by his first marriage, Carrington Maddox Miller. Of his second marriage to Cleo Miller, to whom he was married at the time of his death, one child was born, Scott Cameron Miller. Miller also adopted two children, Darryl Michael Miller and Steven Richard Miller.

Miller executed a written will dated February 28, 1996. In it, he left all of his community property to his wife, Cleo, who was also named as executrix of his estate. He left portions of separate property to Cleo and his son Scott (now deceased), and he named Scott, Vicki Lang, Carrington and Steven as his residual legatees. The will specifically stated, "It is my wish and direction that my son, Darryl M. Miller, receive no portion of my estate under any circumstances."

The original petition for administration was filed in January 2016 requesting Cleo's appointment as independent administrator. She was appointed the administrator; and, in March 2016, she filed a petition to probate the will. The will was recognized by the trial court to be in notarial form and as self-proving. Cleo was placed in possession of the family home in August 2016. No further action was taken in this succession for seven years.

On November 30, 2023, Darryl filed a petition to annul the testament and a rule for accounting and removal of the executrix. His petition alleged that the will was null and void in that "it attempts to disinherit him as a forced heir without complying with statutory requirements of Louisiana Civil Code Art. 1621." He also alleged that no other documents had been filed, the succession remained open, there had been no detailed descriptive list filed and no court-ordered disbursal of assets except the marital home. He sought to be named a one-fourth owner of the assets of the estate.

Cleo filed peremptory exceptions of no cause and no right of action in response to Darryl's petition to annul, in which she noted that Darryl was not a forced heir under any interpretation of the law because he was born on June 20, 1952, and was 44 years old when his father disinherited him in the 1996 will.

A hearing was held in March 2024, on the exceptions of no cause and no right of action. At the hearing, Darryl's attorney argued that at the time Miller executed his will in 1996, Darryl was either a direct descendant or a forced heir; and because the procedure for disinherison for forced heirs was not followed, Darryl was a presumptive forced heir with a right and cause of action to challenge the will. The trial court attempted to clarify the argument and asked, "He's a forced heir just because he's a descendant?" The attorney responded:

> He's presumptive because we don't know the condition that he would be in at the time that Mr. Joseph Miller died. He was presumptive at the time the testament was drafted. We're arguing that the testament itself is drafted incorrectly.

In May 2024, the trial court issued a judgment finding that Darryl belonged to a class of persons who had a right of action and overruled that

exception. However, the trial court sustained Cleo's exception of no cause of action and found that Darryl, who was 44 at the time the testament was written, and 71 at the time he filed the petition to annul, and who had no other claim to status as a forced heir, could not state a cause of action to challenge the validity of the testament. His suit to annul was dismissed. Darryl appeals the judgment of the trial court sustaining the exception of no cause of action and the dismissal of his petition to annul.[1]

## DISCUSSION

Darryl argues that the trial court erred in sustaining the exception of no cause of action and contends that no evidence is allowed to determine whether he, as a descendant, has a cause of action to annul a testament and that the issue must be decided based on the factual allegations of the petition and that each well-pled fact must be accepted as true. He argues that the trial court erred in establishing his status as someone who was not a forced heir on the date the will was executed or on the date of his father's death. He also complains that the trial court ignored the suggestion that on the date of his father's death, he could possibly have been a person who was a forced heir as a result of mental incompetence or physical infirmity. He argues that the will is null and void in that it attempts to disinherit him as a forced heir without complying with statutory requirements that the testator state the reason for disinherison. He contends that the law allows a person to disinherit a person who is not a "presumptive forced heir" but also asserts that the law still requires the statement of a reason for disinherison.

---

[1] After the trial court's judgment on the exceptions, Cleo filed another petition to probate the will on July 8, 2024. The suit was consolidated with the earlier succession proceeding; and, eventually, a judgment of possession and an amended judgment of possession were rendered.

3

Cleo argues that although Darryl appears to argue the principles of disinherison under the Louisiana Civil Code, those principles apply only to forced heirs and do not apply to him. She interprets his argument to be that the determination of whether someone is a forced heir is made at the time of the death of the decedent and that any and all presumptive heirs are presumptive forced heirs at the time the will is executed. She contends that the argument is flawed because under that logic, every testator would have to follow the disinherison principles and formalities to leave out any and all presumptive heirs because there is a possibility that one day they could be a forced heir. She points out that Darryl is not and never has been a forced heir. She also argues that forced heirship has been abolished in all cases except under the special circumstances provided in the law, and the testator can deny anyone a portion of his estate in his will.

Cleo also argues that to have standing to maintain an action to annul a will or testament, one must have a justiciable interest in the succession proceedings. She points out that Darryl has no justiciable interest in the succession because he is not a forced heir, that he is not a universal successor and that he has no specific legal interest in the estate. For these reasons, she challenges his right to demand an accounting of the estate or to annul the testament.

*Forced Heirship*

The concept of forced heirship in Louisiana was in effect for many years but was abolished in 1995, except under certain circumstances, by La. Const. art. XII, § 5, which states as follows:

> (A) The legislature shall provide by law for uniform procedures of successions and for the rights of heirs or legatees and for testate and intestate succession. Except as provided in

4

Paragraph (B) of this Section, forced heirship is abolished in this state.

(B) The legislature shall provide for the classification of descendants, of the first degree, twenty-three years of age or younger as forced heirs. The legislature may also classify as forced heirs descendants of any age who, because of mental incapacity or physical infirmity, are incapable of taking care of their persons or administering their estates. The amount of the forced portion reserved to heirs and the grounds for disinherison shall also be provided by law. Trusts may be authorized by law and the forced portion may be placed in trust.

The laws defining forced heirs as all children remained intact until the supplemental legislation mandated by this constitutional amendment became effective on January 1, 1996. *In re Succession of Boyter*, 99-0761 (La. 1/7/00), 756 So. 2d 1122.

La. C.C. art. 1493 was enacted in 1996 and was amended in 2003 and states in pertinent part as follows:

A. Forced heirs are descendants of the first degree who, at the time of the death of the decedent, are twenty-three years of age or younger or descendants of the first degree of any age who, because of mental incapacity or physical infirmity, are permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent.

* * *

D. For purposes of this Article, a person is twenty-three years of age or younger until he attains the age of twenty-four years.

E. For purposes of this Article 'permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent' shall include descendants who, at the time of death of the decedent, have, according to medical documentation, an inherited, incurable disease or condition that may render them incapable of caring for their persons or administering their estates in the future.

The revision comments of 1996 state that La. C.C. art. 1493 is the threshold article of the forced heirship revision. Title II of the Louisiana Civil Code, Donations, Chapter 6, Donations Mortis Causa, Section 8, Disinherison, contains La. C.C. art. 1617, which states that a forced heir

5

shall be deprived of his legitime if he is disinherited by the testator for just cause. The articles following La. C.C. art. 1617 concern the forms of disinherison and reasons for disinherison of forced heirs. La. C.C. art. 1620 states that there are no just causes for disinherison except those expressly recognized in the following code articles. La. C.C. art. 1621 provides just causes for disinherison and states that for it to be valid, the cause must have occurred prior to the execution of the instrument that disinherits the heir. The comment to that article states, "This Article reduced the number of causes for which a testator may disinherit a forced heir from twelve to eight."

A person may be disinherited even though he was not a presumptive forced heir at the time of the occurrence of the act or the facts or circumstances alleged to constitute just cause for his disinherison. La. C.C. art. 1623. Comment (b) to this article states that "a presumptive forced heir is a person who would have been a forced heir if the person from whom he would inherit as such had died at that time. Thus, a fifteen-year-old child of a person is a presumptive forced heir, but a twenty-five-year-old child of a person is not a presumptive forced heir."

Based on the foregoing, we conclude that Darryl was not a forced heir at any time pertinent to this inquiry. He was 44 years old when Joseph Miller signed his will; he was 63 years old when the testator died; and he was 71 years old when he filed the petition to annul the will. At no time did Darryl meet the age requirement of less than 23 years of age or allege that he was permanently incapacitated. Therefore, he cannot be deemed a forced heir under any circumstances, and the rules regarding disinherison do not apply to him.

*No Cause of Action*

A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Wederstrandt v. Kol*, 22-01570 (La. 6/27/23), 366 So. 3d 47, *reh'g denied*, 22-01570 (La. 9/8/23), 370 So. 3d 457.

An exception of no cause of action is utilized to determine the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru, Inc.*, 616 So. 2d 1234 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Thus, the court reviews the petition and accepts well-pleaded allegations of fact as true; and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Everything on Wheels Subaru*, *supra*. The adjective "well-pleaded" refers to properly pleaded allegations conforming to the system of fact pleading embodied in the Louisiana Code of Civil Procedure. *Wederstrandt*, *supra*. It does not include allegations deficient in material detail, conclusory factual allegations or allegations of law. *Id*. The burden of demonstrating that the petition states no cause of action is upon the mover. *Id*.

A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Walker v. Dollar Tree Stores, Inc*., 53,898 (La. App. 2 Cir. 4/14/21), 316 So. 3d 585. In

reviewing a trial court's ruling on an exception of no cause of action, an appellate court applies a de novo standard of review. *Id.*

After conducting a de novo review, we find that the petition to annul the testament states no facts to support Darryl's claim that would entitle him to the relief sought.

## CONCLUSION

For the reasons stated above, the judgment of the trial court sustaining the exception of no cause of action and dismissing the petition to annul the testament of Joseph H. Miller, Jr. is affirmed. Costs of this appeal are assessed to Darryl Michael Miller.

**AFFIRMED**.